[Civ. No. 1263.  Second Appellate District.—May 15, 1913.]

## E. C. NEEDELS, Respondent, v. H. W. COFFEE, Appellant.

VENDOR AND VENDEE—AGREEMENT TO REPURCHASE—TENDER OF RECONVEYANCE.—Where a vendee of real estate seeks to recover the amount paid, under an agreement entitling him to a return of the purchase money within one year if he becomes dissatisfied, his tender of the deed of conveyance and the certificate of title received by him is insufficient as an offer of reconveyance.

APPEAL—RECORD—MATERIAL FACT NOT FOUND BY TRIAL COURT.—In case of an appeal upon the judgment-roll, the appellate court cannot incorporate within the findings a material fact not found by the trial court, although the failure to find was the result of carelessness or indifference.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

A. J. Sherer, Arthur C. Baker, and Edward Winterer, for Appellant.

Tanner, Taft & Odell, for Respondent.

ALLEN, P. J.—There is but one question presented upon this appeal possessing any merit, and that relates to the sufficiency of a finding of the court with reference to an offer of reconveyance before suit. Defendant had agreed in writing that if plaintiff was dissatisfied with the purchase of certain real estate, the title to which defendant had procured a certain corporation known as the Eucalyptus Timber Company to convey to plaintiff, that he (defendant) would return the purchase money, with interest, one year from the date of the contract. Due notification of dissatisfaction was given and found by the court. An issue was presented in the pleadings as to an offer of reconveyance on the part of plaintiff on or before the date fixed for repayment, or at any other date or time. The finding of the court is: "That September 10, 1911, was Sunday, and on September 11, 1911, plaintiff formally demanded of the defendant the payment of said money in accordance with said contract, and tendered to defendant the deed of conveyance and certificate of title received by him from the Eucalyptus Timber Company; that defendant did not object to said tender or the manner thereof, but has neglected to repay the said amount; that plaintiff has tendered in said court said deed and certificate of title." There was no offer in writing found sufficient under section 2074 of the Code of Civil Procedure. The tender of the title papers theretofore received by plaintiff had no effect and could not divest plaintiff of title, and under the finding plaintiff occupied the position of retaining title to that which he purchased and yet seeking to recover the money paid therefor. This he could not do. It may be and probably is true that the failure to find the offer of reconveyance was the result of carelessness or indifference in preparing the findings, but we cannot upon an

appeal upon the judgment-roll incorporate within the findings a material fact not found by the trial court. As the findings appear in the record, they are insufficient to support the judgment.

The judgment is reversed and cause remanded.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 14, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 14, 1913.