[Civ. No. 1583.   Second Appellate District.—June 2, 1915.]

## E. C. NEEDELS, Respondent, v. H. W. COFFEE, Appellant.

CONTRACTS—SALE OF LAND—AGREEMENT TO RETURN PURCHASE PRICE— PURCHASER DISSATISFIED—CONSTRUCTION OF CONTRACT.—The purchaser under a contract for the sale and purchase of lands planted in eucalyptus trees, which contract was executed by the selling agent for a larger tract, he being entitled to have allotted to him lands from the larger tract as compensation for his services in making such sales, was not required within six months of the date of the contract to elect whether he would enforce his demand for the return of the purchase price of the land, the contract providing that the seller should pay back the purchase price one year from date if the purchaser so demanded, and a written application made by the purchaser to the company owning the land providing that the purchaser should examine the land within six months, and if dissatisfied might reject the contract; but he was entitled to hold the property for a year, and if dissatisfied with it during any of that time, he might demand back the purchase price.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Edward Winterer, A. J. Sherer, and Arthur G. Baker, for Appellant.

Tanner, Odell, Odell & Taft, for Respondent.

JAMES, J.—An appeal was taken from the judgment entered herein in favor of the plaintiff.

In September, 1910, plaintiff was a resident of Missouri and was there visited by defendant.   Defendant was engaged as a selling agent for certain lands in the county of Tulare, state of California, which lands were being planted with eucalyptus trees under the management of a company known as the Eucalyptus Timber Corporation.   As compensation for services rendered in making sales of these lands, defendant was given a certain quantity of that acreage.   At the time he approached the plaintiff he was entitled to have segregated on his account with the timber corporation quite a large num-

ber of acres.   It was some of this land which was to be allotted
to him that he desired to sell to the plaintiff.   Having reached
an agreement with the plaintiff for the purchase and sale
of five acres of the land, defendant drew up the following
contract, which he signed and which was also executed by the
plaintiff:

"This day E. C. Needels has purchased of H. W. Coffee five
acres of Eucalyptus ground (planted last spring) for the
sum of Twelve Hundred and Fifty ($1250.00) dollars; in
lieu of cash, personal property has been accepted, i. e., one
team of mules $500.00, one yearling mule $125.00, one team
of mares (2 and four years old), $350.00, two cows $100.00,
one lumber wagon and set of harness $60.00, one Jersey bull
calf $10.00, oats at 35c per bu. and cash for the balance of
purchase price.

"H. W. Coffee agrees to pay back to E. C. Needels: Twelve
Hundred and fifty dollars, together with 10% int., one year
from date, if said E. C. Needels is not satisfied with the pur-
chase.

                    "H. W. COFFEE,
                    "E. C. NEEDELS."

Immediately thereafter, defendant wrote to the timber
company as follows:

"I wish to have a deed (made in blank) conveying 5a of
ground planted spring of 1910, sent me that I may fill in the
name, etc., here.   Select a choice piece with as good a stand
of trees as possible from anything I have on call.   This goes
to a party in Albany, Mo., and they will be out to Cali., this
fall to be shown.   These two sales are all I have accomplished
so far but I hope the future may be bright.   H. W. Coffey."

Simultaneously with the execution of the agreement of sale
first quoted, there was signed by the plaintiff what is called an
"Application for purchase of land of the Eucalyptus Timber
Corporation."   This application set forth that the five acres
of land was to cost two hundred and fifty dollars per acre,
and certain terms followed as to eucalyptus trees to be planted
thereon and the application then contained the following
clauses: "The applicant shall examine or cause said land to
be examined within six months from this date.   He has the
right to reject this contract by written notice within said
time.   If said notice is not so given, this contract is to be
final.   Time is the essence of this agreement."   Follow-

ing the receipt of these several documents, the Eucalyptus Timber Corporation issued a contract of purchase, describing certain five acres of land, to the plaintiff, and some months thereafter plaintiff came from Missouri to Los Angeles County. He visited the land described in the contract more than six months after the date of the execution of his agreement with defendant, and later applied to the timber corporation for a deed to the property. Plaintiff testified that the deed issued to him in response to his application described a different piece of property than that mentioned in the agreement of purchase, and that upon his suggesting the fact of the difference to the officers of the corporation he was told that the first described property had been sold to another party and that defendant had designated the parcel described in the deed in lieu thereof. This statement he testified he repeated to the defendant and that defendant raised no objection because of the substitution, but said that he had made changes in the allotment of lands for some of his friends but that he didn't remember of having done so in plaintiff's case. However, defendant made no protest at any time prior to his having been brought into court in this action against the act of the corporation in deeding to plaintiff a different piece of ground than that described in the contract of purchase. It may be here suggested, however, that the proof was ample as showing that the corporation had the right, under the general instruction given by the defendant as expressed in the letter which has been quoted, to designate any parcel of land which the defendant might be entitled to, and if they had that right an incident to it would be the right to make such changes in his behalf as their judgment might suggest before the deed had been issued thereto. As to that matter nothing more need be said in response to considerable argument expressed in the brief of appellant by which the authority of the corporation in that regard is brought into question. Plaintiff testified that before he received the deed of the timber corporation, but after the expiration of six months from the date of the contract of purchase, he expressed dissatisfaction with the ground to the defendant and informed him that while he would ask for the deed, still he would expect the defendant, agreeable to the terms of his contract, to repay the agreed amount of the purchase price, to wit: one thousand two hundred and fifty dollars, by the end of the year. According to

plaintiff's testimony, the defendant at no time stated that he would refuse to refund the money, but when it was finally demanded on the last day of the year, said that he was "hard up" and could not pay it.

It is insisted particularly that under the terms of the contract as made between the parties to this litigation the plaintiff was required within six months to elect whether he would enforce his demand for the return of the purchase price of the land; and that if he expressed his election so to do within said six months, defendant was then entitled to the full year within which to refund the amount of money specified in the contract. The trial judge, construing the contract, held that it was not the intention of the parties to require plaintiff to manifest his election to rescind within six months, but that he was entitled to hold the property for a year, and if dissatisfied with it during any of that time he might demand back the value of the consideration delivered on his part, that being the sum fixed in the writing. With this construction of the contract, viewed in the light of the situation of the parties as shown in the evidence, we agree. The contract of the defendant was that he would return the value of the consideration one year from date if plaintiff was not satisfied with the purchase. The so-called application to purchase was executed upon a partially printed form used by the timber corporation and referred mainly, as appears, to the matter of selecting the land to be received in the first instance. After this selection had become fixed, as we view the contract, the plaintiff had the right to hold the property and determine whether he was satisfied with it, and he might at any time within the year from the date of purchase make manifest his dissatisfaction therewith. If it may be said that there was an uncertainty in the contract taken as a whole, then that uncertainty was caused to exist by the defendant who prepared the contract and application for purchase, and the construction, agreeable to the rule expressed in section 1654 of the Civil Code, should be made most favorable to the other party. The right of the plaintiff to recover rested purely upon his contract, and in order to enforce repayment of the value of the consideration delivered it was only necessary that he should have manifested his dissatisfaction with the land received within the year and have offered to convey it back to the defendant. This case has been tried twice in the

lower court, each time judgment, being rendered in favor of the plaintiff. On an appeal taken after the former trial, this court held that the findings showed the tender of the plaintiff to have been insufficient in that it did not appear that he had offered to transfer to defendant the title which he had received to the land. (*Needles* v. *Coffee*, 22 Cal. App. 99, [133 Pac. 491].) The finding at this trial showed a sufficient tender to have been made within the time permitted by the contract and the evidence supports that finding. It may fairly be said that there was evidence sufficient to support all the material findings of the court, and none of the alleged errors of law claimed to have been committed by the trial court can be considered as having been of prejudicial effect. The record exhibits no error which fairly considered can be said to have worked a miscarriage of justice in this case.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.