[Civ. No. 6711. First Appellate District, Division One.—March 13, 1929.]

SAMUEL WEISENBERG, Respondent, v. MAX HIRSCH-HORN et al., Appellants.

Duke Stone and R. C. Campbell for Appellants.

Harry Sherr for Respondent.

DOOLING, J., *pro tem.*—On March 10, 1925, plaintiff and respondent Weisenberg bought from defendants and appellants for $3,200 a one-third interest in a parcel of land. The contract of purchase contained a provision giving respondent "the option or privilege to have upon thirty days' notice, within one year from the date hereof, the said sum of $3,200 refunded to him by the parties of the first part (i. e., appellants), together with interest at the rate of 7 per cent per annum to date of such refund upon surrendering and reconveying to the parties of the first part the one-third interest in the said property thus held by him."

Within the time provided respondent gave appellants notice that he wished his money refunded and tendered them a deed of his one-third interest in the property. Appellants refused to refund the money and respondent brought this action for $3,200, with interest at seven per cent as provided in the contract and renewed the tender of the deed. Judgment followed for plaintiff as prayed and defendants took this appeal. Appellants claim that respondent's only remedy was for damages for the difference between the market value of the land and the amount agreed to be refunded, citing *Dean* v. *Hawes*, 21 Cal. App. 350 [131 Pac. 885], and the same case on a second appeal, 29 Cal. App. 689 [157 Pac. 558]. It is true that in the cited case the court held that that was the proper measure of damages. But in that case the tender of the deed was not renewed and the court pointed out that under those circumstances the plaintiff could not keep the land and recover the full amount of the purchase price in addition. But where, as here, the vendee tenders a deed he can recover as in debt the full amount agreed to be paid. (*Needles* v. *Coffee*, 27 Cal. App. 532 [150 Pac. 791]; *Van Denmark* v. *California Home Assn.*, 43 Cal. App. 685 [185 Pac. 866].) The rule could hardly be otherwise since the vendee in such a case is in no different position than a vendor under an executory contract would be, and the rule is well settled that the vendor is entitled to tender a deed and sue for the full purchase price. (*North Stockton etc. Co.* v. *Fischer*, 138 Cal. 100 [70 Pac. 1082, 71 Pac. 438]; *Amaranth Land Co.* v. *Corey*, 182 Cal. 66 [186 Pac. 765]; *Burg Bros.* v. *Bercut*, 73 Cal. App. 114 [238 Pac. 166].)

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 12, 1929.