[Civ. No. 9310. First Appellate District, Division Two.—March 8, 1934.]

ALBERT W. BARNHART et al., Respondents, v. BRUCE BLACKBURN et al., Appellants.

Hulme, Hastings & Bartlett and Gerald Bridges for Appellants.

Russell Graham and Ames Peterson for Respondents.

SPENCE, J.—Plaintiffs filed a complaint entitled "Complaint for Money on Contract". It contained two counts. On a trial by the court sitting without a jury defendants' motion for nonsuit as to the first count was granted. Judgment was entered in favor of the defendants on the first count and in favor of plaintiffs on the second count. Defendants appeal from that portion of the judgment relating to the second count, but no appeal has been taken from the portion of the judgment relating to the first count.

In the second count of the complaint, which was filed in 1929, plaintiffs allege that on May 6, 1927, plaintiffs and defendants entered into an agreement whereby "plaintiffs agreed to sell to the defendants and defendants agreed to buy from plaintiffs" certain real property in the city of Hermosa Beach "and that as a consideration for the said sale the defendants agreed to deliver and transfer to the plaintiffs thirty-five (35) shares of the capital stock of Disappearing Roller Screen Company, Inc."; that plaintiffs "have complied fully with the said contract and have delivered into the said escrow a grant deed to the said property", but that "defendants have failed, neglected and refused, and still fail, neglect and refuse to deliver into the said escrow said thirty-five (35) shares of the capital stock of the Disappearing Roller Screen Company, Inc."; that said "thirty-five (35) shares of stock are of the reasonable value of $5250.00". The prayer was for the alleged value of said stock. The answer denied certain of the material allegations of the complaint, including all of the allegations relating to performance on the part of plaintiffs.

The agreement of the parties was embraced in certain escrow instructions signed by them on March 6, 1927. No time for performance was specified therein. The evidence

offered on behalf of plaintiffs affirmatively showed that neither plaintiffs nor defendants had complied with the terms of said agreement. Plaintiffs failed to deliver a deed and defendants failed to deliver the stock to the bank named as the escrow-holder. There was evidence tending to show that the parties had on various occasions discussed the performance of the agreement until some time in December, 1928, at which time, according to the testimony of plaintiffs, defendants informed them that they would not take the property or deliver the stock. It was conceded by plaintiffs upon the trial that no tender of a deed to the property had been made to defendants prior to the commencement of this action. The complaint herein was not amended and no leave to amend was asked by plaintiffs. In the findings the trial court found against plaintiffs on the issue of performance, but went beyond the issues embraced within the pleadings and made findings showing an excuse for nonperformance. It further found that the value of the stock "at the time when said written agreement was entered into" was $100 per share and on this basis entered a money judgment in favor of plaintiffs. At the conclusion of the findings it was recited that defendants were entitled to a good and sufficient grant deed conveying the property and the judgment recited that such deed had been deposited into court.

Appellants attack the sufficiency of the complaint, the evidence and the findings herein. These questions will be hereinafter discussed. █ They also contend that the judgment should be reversed as the findings are not within the issues raised by the pleadings. They call attention to the fact that while performance was pleaded, respondents were allowed to recover upon findings showing an excuse for nonperformance. They cite numerous authorities, among which are *Kirk* v. *Culley,* 202 Cal. 501 [261 Pac. 994], *Estate of Warner,* 158 Cal. 441 [111 Pac. 352], *Daley* v. *Russ,* 86 Cal. 114 [24 Pac. 867], and *Peek* v. *Steinberg,* 163 Cal. 127 [124 Pac. 834]. Respondents concede that said findings were not within the issues made by the pleadings and they ask leave of this court to amend their complaint. We know of no authority authorizing an appellate court to permit the amendment of pleadings while the cause is on appeal. Although the liberal provisions of section 4½ of

article VI of our Constitution have frequently been relied upon in affirming judgments despite the existence of error, we do not believe that said section may be invoked by respondents in this case where the pleadings, proof and findings are all insufficient to support the judgment entered.

■ It appears to us that the fundamental fallacy in respondents' argument in support of the judgment is that respondents treat the agreement between the parties as an agreement of sale rather than as an agreement of exchange. Respondents state in their briefs ''This is an action for the *purchase price* of the Hermosa Beach property and not an action for specific performance. On this appeal respondents are resting upon their theory that this is purely and simply an action sounding in debt.'' (Italics ours.) Respondents then cite *Amaranth Land Co.* v. *Corey,* 182 Cal. 66 [186 Pac. 765], and *North Stockton Town Lot Co.* v. *Fischer,* 138 Cal. 100 [70 Pac. 1082, 71 Pac. 438], in support of the judgment. The authorities cited are not helpful for each of said cases involved a contract of sale rather than a contract of exchange. It was there held that the vendor of real property under a contract of sale can recover the purchase price in an action at law without alleging or proving the fairness and adequacy of the consideration. This rule is well settled with respect to contracts of sale (*Bonner* v. *Finney,* 110 Cal. App. 518 [294 Pac. 466]; *Weisenberg* v. *Hirschhorn,* 97 Cal. App. 532 [275 Pac. 997]; *Burg Bros.* v. *Bercut,* 73 Cal. App. 114 [238 Pac. 166]; *Paramore* v. *Colby,* 45 Cal. App. 559 [188 Pac. 72]), but it can have no application to contracts of exchange for the obvious reason that there is no agreement to pay a purchase price or, in other words, a monetary consideration under the ordinary contract of exchange.

■ Upon a breach of the ordinary contract of exchange the rights and liabilities of the parties are somewhat different from those arising upon the breach of a contract of sale. In case of the breach of the ordinary contract of exchange, there can be no action at law for the consideration agreed to be exchanged by the other party, but specific performance may be had in proper cases by a suit in equity. The sole remedy at law is by an action for damages for the breach. (11 Cal. Jur. 15; 28 C. J. 227, sec. 75.) Respondents concede that their action was not one in equity for

specific performance and, from what has been said, the action must be treated as an action at law and the judgment herein must be sustained, if it can be sustained at all, upon the theory that it is a judgment for damages for the breach of the contract of exchange.

In our opinion the pleadings, proof and findings were all insufficient to sustain the judgment herein as a judgment for damages. Upon the alleged breach of the contract of exchange respondents were entitled to bring an action at law for damages, but such action necessarily had to be based either upon the theory that the contract had been fully executed by respondents or upon the theory that the contract remained executory on both sides. If the contract had been fully executed by respondents, they would have then been entitled to recover by way of damages the value of the stock *at the time of the breach*. If the contract remained executory as to both parties respondents would have been entitled to recover by way of damages the difference between the value of the real property and the value of the stock *at the time of the breach*. (23 Cor. Jur. 232, sec. 82.) The allegations of value in the complaint herein relate to the time of the filing of the action in 1929. The findings on value relate to the time of the making of the contract in 1927. There is neither allegation, proof nor finding relating to the value of the stock at the time of the breach in 1928. From what has been said we conclude that the cause was tried and determined upon an erroneous theory and that the judgment for the value of the stock at the time the contract was made cannot be sustained.

The portion of the judgment appealed from is reversed.

Nourse, P. J., and Sturtevant, J., concurred.