[Civ. No. 13819.  First Dist., Div. Two.  Jan. 25, 1949.]

ROBERT COE GARDNER, Respondent, v. FLORENCE D. SHREVE, Appellant.

Victor E. Cappa for Appellant.

H. Ward Dawson, Jr., for Respondent.

NOURSE, P. J.—Defendant appeals from a summary judgment in favor of plaintiff under section 437c of the Code of Civil Procedure in the sum of $5,000 with interest and costs.

On August 23, 1945, plaintiff Gardner agreed in writing to take part in the government surplus business of defendant

Shreve, for which purpose he furnished $5,000 and promised to furnish $5,000 more as the business should progress, the profits to be divided equally. The agreement was supplemented on September 24, 1945, with a memorandum extending the field of action to certain manufacture. However, notwithstanding repeated demands of defendant, plaintiff failed to deposit the additional $5,000 and defendant notified him of the rescission of the existing agreements and the termination of their relationship as of December 1, 1946. On January 15, 1947, the parties entered into a written agreement which repeated the complete termination of all relations of the parties as of December 1, 1946; defendant promised to restore on or before April 15, 1947, the $5,000 provided by plaintiff and plaintiff acknowledged receipt of $1,150.70 paid simultaneously with the execution of the agreement as his one-half of the net profits.

Defendant failed to pay the sum of $5,000 notwithstanding demand and on November 20, 1947, action on the agreement of January 15, 1947, for $5,000 with interest at the rate of 7 per cent per annum from April 15, 1947, with a second count in indebitatus assumpsit was filed. On November 21, 1947, plaintiff received by registered mail a note signed by defendant and dated April 15, 1947, in which she promised to pay the sum of $5,000 one year from date with interest at the rate of 6 per cent. The letter had been mailed on November 19, 1947. The complaint was served on defendant on November 24, 1947. The note was never returned. In the course of this action it was delivered by plaintiff to the court with an affidavit that plaintiff did not at any time accept it.

In her answer defendant alleged that the agreement of January 15, 1947, was without consideration, that she had denied her liability and that it was agreed that plaintiff would accept the note in satisfaction of the contractual obligation. Plaintiff moved to strike out the answer and to enter summary judgment in his favor, stating in his supporting affidavit among other things that he had never agreed to accept a promissory note of defendant. In an affidavit in opposition defendant stated among other things telephone conversations between the parties in which plaintiff agreed to accept the note in satisfaction of his claims and a contention that plaintiff because of his admitted default under the agreement of August 23, 1945, had "lost all of his rights thereunder" for which reason the promise to return the $5,000 was said to be without consideration.

The matter of the summary judgment came up for hearing on January 7, 1948. It seems that proof was not restricted to the affidavits but that plaintiff took the stand in his own behalf. No record of said hearing of January 7th is before us. However appellant in her brief states that plaintiff testified to his position that defendant's counsel then asked for a continuance to produce the defendant who was not in court, which continuance was granted, and that on the second hearing (on January 9th) a reporter was present. Moreover the record of that second hearing shows that, after only defendant had testified, plaintiff's counsel stated: "I think since Mrs. Shreve's testimony has been taken down and is a part of the record, I think possibly we better put Mr. Gardner back on and repeat our former testimony." In that testimony plaintiff denied the conversations and agreement stated by defendant; he also filed a further affidavit to that effect. The testimony of defendant maintained the statements in her answer and affidavit. At the end of plaintiff's repeated testimony the following took place: "The Court: I will grant the motion. Mr. Cappa: Well, your Honor, we have created a conflict that we are entitled to have tried. The Court: Well, you have created a conflict, but we have tried it here right now. Mr. Cappa: Well, we are entitled to have that conflict tried. The Court: Well, you have tried it here now. This Court can hear and decide a conflict on a motion like this."

■ In this respect the trial court was in error. As to the procedure under section 437c, Code of Civil Procedure, the following is stated as a fundamental principle in *Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553, 555 [122 P.2d 264]: "The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. (Citations.) If that were not true controversial issues of fact would be tried upon affidavits by the court and not a jury." In *Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62], the same rule is expressed as follows: "Thus, in passing upon a motion for summary judgment, the primary duty of the trial court is to decide whether there is an issue of fact to be tried. If it finds one, it is then powerless to proceed further, but must allow such issue to be tried by a jury unless a jury trial is waived."

It is true that the affidavit of defendant did not show that her defense of lack of consideration for the agreement of

January 15, 1947, was good and substantial. Her only statement in that respect, to wit that plaintiff by his admitted breach of the agreements of August 23, 1945, and September 24, 1945, had lost all of his rights thereunder and had no claim of any kind against defendant, is incorrect as a matter of law. ■ If a partner or joint venturer by his wrong has caused the dissolution of the partnership or joint venture he does not forfeit all his rights, although he may become subject to damages and loss of his share in the goodwill. (Civ. Code, § 2432(2); *Zeibak* v. *Nasser,* 12 Cal.2d 1 [82 P.2d 375].)

■ Normally any agreement to rescind or modify an existing bilateral relation finds sufficient consideration in the prior rights of the parties which are surrendered. (Restatement, Contracts, § 406, com. a; VI Williston on Contracts (rev. ed.), § 1826; *Sistrom* v. *Anderson,* 51 Cal.App.2d 213, 219 [124 P.2d 372].) No exception was shown here.

■ However a triable issue was presented with respect to the acceptance of the note. Defendant in her affidavit stated an express, executed agreement to give and receive it in full satisfaction. ■ Such an executed agreement is effective to discharge the original debt, and even where the note is accepted without such agreement, the right of action on the debt is suspended until maturity of the note. (Williston, *supra,* § 1875F; Restatement, Contracts, § 448; 19 Cal.Jur. 924; *Dellapiazza* v. *Foley,* 112 Cal. 380, 386 [44 P. 727].)

■ On a motion for a summary judgment the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true. (*Eagle Oil & Ref. Co.* v. *Prentice, supra,* at p. 556.) The issue of the acceptance of the note should therefore have gone to a jury for trial unless jury trial were waived.

Respondent contends that the oral testimony of the parties constituted a trial of a special defense as provided for by section 597 of the Code of Civil Procedure. As this court said in *McCarthy* v. *Superior Court,* 73 Cal.App.2d 943, 946-47 [167 P.2d 744]: "That section is limited to cases where 'the answer pleads that the action is barred by the statute of limitations, or by a prior judgment, or that another action is pending upon the same cause of action, or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof. . . .' In *Booth* v. *Bond,* 56 Cal. App.2d 153 [132 P.2d 520], the court concluded that the fact that the issues raised by the special defense involved the

merits of the plaintiffs' cause of action did not prevent the trial in advance of those issues, in view of the power of the trial court which always existed to regulate the order of proof under section 2042, Code of Civil Procedure. But there is no necessity to pass on that question herein.'' ■ Even if separate trial under this section might have been permissible the record does not show that such a trial actually took place. It does not show a motion of either party for such trial nor an order of the court deciding such motion nor any step to set a trial nor any waiver of jury trial in conformity with section 631 of the Code of Civil Procedure. Under rule 52 of the Rules on Appeal we cannot presume that any such action was taken when it is not contained in the record. *Alkus* v. *Johnson-Pacific Co.*, 80 Cal.App.2d 1 [181 P.2d 72] ; *Palpar, Inc.* v. *Thayer*, 82 Cal.App.2d 578, 583 [186 P.2d 748]. ■ It is true that the judgment contains recitals to the effect that a full trial of the issue as to accord and satisfaction was had after a continuance to January 9th, 1948, initiated by counsel for defendant. However the judgment also recites that on January 7th the matter was before the court on notice of motion of plaintiff to strike out the answer and to enter judgment in favor of plaintiff and that on that day, before the continuance, testimony had been adduced, and the minute order granting the motion for a summary judgment recites that on January 9, 1948, pursuant to a continuance the cause was resumed for hearing. These recitals together with the statement of the court at the end of the testimony, quoted *supra,* to the effect that the court could hear and decide a conflict on a motion for summary judgment show clearly that both on January 7 and January 9 only such motion and no other trial was before it. Under these circumstances we can attribute no further significance to the recital as to a full trial having been had than that of an expression by the court of the opinion that the hearing of witnesses on a motion for summary judgment, contrary to normal procedure, could be considered a full trial of the issue presented by the answer. With this opinion we cannot agree. If this were permitted the defendant could be deprived of jury trial without a waiver in accordance with the rules stated in section 631 of the Code of Civil Procedure and without any actual intention to waive it. ■ Jury trial cannot be waived by implication or in another manner than by one of the modes prescribed in section 631. (*Platt* v. *Havens,* 119 Cal. 244, 248 [51 P. 342] ; *Parker* v. *James Granger, Inc.*, 4 Cal.2d 668,

679 [52 P.2d 226].) Appellant was still entitled to jury trial of the issue of the acceptance of the note and of satisfaction or novation caused by it.

Respondent points out that since the judgment was filed the note has matured on April 15, 1948, and that from that date on the amount of $5,000 has been due and owing either on the contract or on the note and contends that there should be no reversal as reversal would be useless and only cause unnecessary repetition of litigation, citing article VI, section 4½ of the California Constitution.

Although under the allegations of the assumpsit count of the complaint a debt either on the contract or the note could be proved we find no freedom to simplify the proceeding in this manner. ▉ It is a settled rule of our law. that the plaintiff's right of action must exist when he commences his action. (1 Cal.Jur. 377; *Westerfeld* v. *New York Life Ins. Co.*, 129 Cal. 68, 85 [58 P. 92, 61 P. 667].) ▉ The plea that an action is prematurely brought is a perfect defense to the merits. (*Landis* v. *Morrissey*, 69 Cal. 83, 87 [10 P. 258].) The defect cannot even be cured by a supplemental complaint founded on what subsequently occurred. (21 Cal.Jur. 172.) In *Lewis* v. *Fox*, 122 Cal. 244, 252 [54 P. 823], the following example is given: "If a suit be brought upon a promissory note before it becomes due, the complaint would not be aided by a supplemental complaint filed after it became due alleg-. ing its maturity at a date subsequent to the commencement of the action." If in the case before us, plaintiff had accepted the note, and certainly if he had done so in full satisfaction— points not yet validly decided—then the action was brought before maturity. ▉ We cannot on the basis of article VI, section 4½ of our Constitution cure a defect that cannot be cured even by a supplemental pleading. "The section was not intended to abrogate or dispense with rules of procedure and evidence." (*Fry* v. *Baltimore Hotel Co.*, 80 Cal.App. 415, 426 [242 P. 752]; 2 Cal.Jur. 1007; compare *Barnhart* v. *Blackburn*, 137 Cal.App. 240, 243 [30 P.2d 424].) Finally, although of less importance, we wish to point out that in an action on the agreement, respondent is entitled to interest at the statutory rate of 7 per cent whereas if he has accepted the note the interest would be limited to the rate of 6 per cent for which the note provides.

Judgment reversed.

Goodell, J., and Dooling, J., concurred.