[Civ. No. 16822.   Second Dist., Div. Two.   Mar. 22, 1949.]

NORMAN P. STRAUSS, Respondent, v. PAUL A. STRAUSS, Appellant.

William H. Brawner for Appellant.

Harry Sherr for Respondent.

WILSON, J.—From a summary judgment in the sum of $4,680, together with interest and costs entered against him pursuant to section 437c of the Code of Civil Procedure, defendant appeals.

This action is on a judgment obtained by plaintiff's assignor in the Superior Court of Cook County, Illinois.   Plaintiff

alleges in his complaint that defendant appeared and joined issue in the Illinois action. A copy of the judgment is attached to the complaint and made a part thereof; the judgment recites that defendant was personally served in Los Angeles and that he was represented in the proceedings by counsel, to wit, one Leonard W. Stearns, and that no answer or other pleading having been filed a default judgment was rendered against him.

Defendant filed an answer by which he denied generally and specifically the allegations set forth above. Plaintiff thereupon filed a notice of motion to strike the answer and for summary judgment. In opposition to this motion defendant filed an affidavit in which he alleges that he has a good defense on the merits to all plaintiff's claims; that he did not appear in the Illinois action; that the attorney alleged to have appeared on his behalf was unknown to him and any appearance of such attorney on his behalf was unauthorized and further that he was never served in said action and did not appear either personally or through an attorney.

Defendant contends that the trial court erred (1) in finding there was no triable issue of fact raised by the answer, and (2) in determining an issue of fact raised by the pleadings.

The complaint contains an allegation that defendant appeared in the proceedings in Illinois and the judgment, which was incorporated by reference, recites that due service had been made upon defendant and that he appeared in the action. By the denials in his answer defendant raises the issue as to whether he did in fact appear in those proceedings or was served with process.

It may be conceded, as contended by plaintiff, that a foreign decree regular on its face is entitled to a presumption of validity. However, as stated in *Estate of Hancock,* 156 Cal. 804, 807 [106 P. 58, 134 Am.St.Rep. 177], ". . . it is always open to the person against whom the judgment is attempted to be used to show by evidence other than the record of the judgment, and even by evidence opposed to recitals contained in such record, that the court purporting to give the judgment was without jurisdiction either of the cause or of the parties . . . If such lack of jurisdiction is made to appear, the judgment must be regarded as a nullity." (*Estate of Pusey;* 177 Cal. 367, 373 [170 P. 846]; *Mutual Life Ins. Co.* v. *Franck,* 9 Cal.App.2d 528, 540 [50 P.2d 480]; *Mumma* v. *Mumma,* 86 Cal.App.2d 133 [194 P.2d 24].)

Section 437c of the Code of Civil Procedure requires that an affidavit in opposition to a motion for summary judgment shall set forth facts showing that the party has a good and substantial defense to plaintiff's action. By defendant's affidavits he asserts that he has a good defense to plaintiff's cause of action by reason of the fact that he was never personally served in the Illinois action, he did not appear and did not authorize anyone to appear on his behalf in the proceedings.

A motion for summary judgment presents the question whether or not defendant has stated any facts which give rise to a triable issue or defense. The trial court in considering the motion may not determine the issue itself. In passing upon the motion the facts alleged in the affidavits of the parties against whom it is made must be accepted as true and the affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 555-6 [122 P.2d 264] ; *Slocum* v. *Nelson,* 72 Cal.App.2d 33, 37 [163 P.2d 888].)

If defendant is able to establish that the Illinois judgment is void upon the ground that the court rendering it did not have jurisdiction, it will constitute a good defense to plaintiff's action, and that issue having been raised, defendant should not be summarily deprived of a full hearing at a trial of the action.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.