[Civ. No. 17191. Second Dist., Div. Two. Nov. 9, 1949.]

NELL GILLESPIE, Respondent, v. EVERT L. HAGAN et al., Appellants.

Jesse A. Hamilton for Appellants.

Max Vernon Pollack for Respondent.

WILSON, J.—Appeal by defendants from a summary judgment rendered pursuant to section 437c* of the Code of Civil Procedure and from an order denying their motion to vacate

*Section 437c, insofar as necessary for the determination of this appeal, reads:

"In superior courts and justices' courts of Class A and municipal courts when an answer is filed in an action to recover upon a debt or upon a liquidated demand . . . if it is claimed that there is no defense to the action or that the action has no merit, on motion of either party, . . . supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present

the same. The sole question to be determined is whether the pleadings and affidavits "present a triable issue of fact."

Plaintiff, a licensed real estate and business opportunity broker, brought this action to recover a commission alleged to be due and owing to her for services rendered in the sale of real and personal property. The complaint alleges that defendants were the owners of certain real property and were the owners and operators of a cheese and food processing business operated thereon by defendants Hagan as copartners under the name of El Rey Cheese Company; that defendants employed plaintiff by an instrument in writing which is set forth in the complaint to secure a purchaser for the real property and the food processing business; that she procured purchasers who entered into a written contract for the purchase of the property and that defendants have not paid any part of the commission. The agreement is signed by Evert L. Hagan only.

Defendants Evert L. Hagan and J. A. Hagan filed individual, separate answers in which each denied they were the owners of the real property or of the food processing business operated thereon but alleged Evert L. Hagan was the owner of the real property and J. A. Hagan was the owner of the food processing business. Each denied they were copartners doing business as El Rey Cheese Company or were partners at all in the operation of the business. J. A. Hagan denied he employed plaintiff as a real estate or business opportunity broker by an instrument in writing or at all to secure a purchaser for the real property or the business above referred to, or that he agreed in writing or at all to pay plaintiff for any services rendered by her in the sale of the real property or the business.

---

a triable issue of fact. A judgment so entered is an appealable judgment as in other cases.

"The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto.

"The affidavit or affidavits in opposition to said motion shall be made by the plaintiff or defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the party has a good and substantial defense to the plaintiff's action (or to a portion thereof) or that a good cause of action exists upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto . . ."

Evert L. Hagan, by his third amended answer, admits that he signed the written listing agreement set forth in plaintiff's complaint and alleges that plaintiff procured Herschel O. Condon and Lydia E. Condon as prospective purchasers for the property and the business for $100,000 cash and "without any escrow"; that thereafter the Condons, upon consultation with their attorney, insisted that the sale go through a formal escrow but defendant refused to go into escrow; that thereafter the Condons, at a meeting held in the office of their attorney, produced a written agreement for the purchase and sale of the real property and business, to which was attached an agreement to be signed by defendant for the payment of commission to plaintiff and John Bessler; that there were present at the meeting, beside the Condons and their attorney, plaintiff Gillespie, defendant Evert L. Hagan and Charles Farrington; that defendant thereupon refused to enter into the escrow unless plaintiff agreed to modify her brokerage contract so that her commission was to be paid "from the escrow and at the close of the escrow"; that plaintiff then and there so orally agreed and defendant fully executed the oral agreement and signed the contract providing for an escrow; that the Condons' attorney thereupon inserted in the commission agreement the words "at close of escrow" conforming the same to defendant's demand; that defendant and the Condons then opened an escrow providing that the same should be closed within 45 days; that the escrow was never completed by reason of the refusal of the Condons to carry out any of the terms of the contract of sale or of the escrow.

Plaintiff presented a motion for an order striking out the answer of J. A. Hagan and the third amended answer of Evert L. Hagan and for the entry of judgment according to the demand of the complaint. With her motion she filed her affidavit repeating substantially the allegations in her complaint and alleging further that when Evert L. Hagan signed the contract for the payment of commission he was authorized by written power of attorney from J. A. Hagan to sell the food processing business and real property; that she and defendants at no time discussed a sale of the business and real property without an escrow; that when the contract of sale was signed by defendants and the Condons plaintiff stated that she wished to be protected in escrow, and that there was no discussion between plaintiff and defendants relative to any modification of the original agreement; that defendants

have kept the escrow with the Condons open for the purpose of showing that the latter were unwilling to perform their agreement although defendants have sold the real property and business to another person.

In opposition to the motion for a summary judgment there was filed an affidavit by Evert L. Hagan in which he recites substantially the allegations made in his third amended answer, and further states that when he refused to make the sale to the Condons through escrow the latter agreed to bear the expenses of an escrow, and plaintiff agreed that if defendants would sell through a formal escrow she, plaintiff, was not to receive any brokerage fees until the close of the escrow; that in consideration of plaintiff's offer there was an oral agreement modifying the original contract between affiant and plaintiff and that the oral modification agreement was fully executed by defendant by his entering into a written contract of sale upon the altered terms and entering into the escrow; that shortly after the escrow was opened plaintiff procured from the escrow holder a sheet headed ''Escrow Instructions,'' lines blank for signature, in which the escrow holder was directed to ''pay as commission at the close of escrow'' the sum of $2,500 to John Joseph Bessler and $2,500 to Nell Gillespie; that affiant signed the paper and delivered it to plaintiff to be returned to the escrow holder. Affiant further states that he believes and has been informed by his attorneys that he has a meritorious defense to the action; that the original contract for brokerage commission was altered both orally and in writing, that such modifications have been fully executed and that the modified contract is the only one upon which plaintiff can collect a commission from affiant.

An affidavit of Charles M. Farrington, who was present at the meeting held in the office of the attorney for the Condons, corroborates the statements contained in the affidavit of Evert L. Hagan as to the conversations that occurred at that meeting and as to the alteration of the typed agreement by the Condons' attorney so as to show that the commission was to be paid at the close of escrow. He also corroborates Hagan's affidavit to the effect that originally it was agreed that there should be no formal escrow but that the agreement was altered at the attorney's office, as stated in Hagan's affidavit, with the same terms and conditions as stated by Hagan. Affiant further states that plaintiff agreed to the alteration of the commission agreement so that she would receive her commission at the close of escrow, and that after the escrow was opened she had

instructions prepared that she and John Bessler were to receive their commission at the close of escrow and delivered the sale to the escrow holder.

Upon the foregoing affidavits and pleadings the court rendered judgment against defendants Evert L. Hagan, J. A. Hagan and El Rey Cheese Company for the amount sued for by plaintiff.

Thereafter defendants moved to vacate and set aside the order striking their respective answers from the files and vacating the summary judgment. The motion was denied, whereupon defendants appealed from the judgment and from the order denying their motion to set it aside.

The original commission agreement set out in the complaint upon which plaintiff bases her prayer for judgment provides that if a purchaser, ready, able and willing to purchase the property, should be procured by the agent during the period of the agency and upon the terms prescribed, the seller agrees to pay the agent a commission of 5 per cent on the selling price. No mention is made in the commission agreement of an escrow, and if it be assumed that plaintiff, within the period of her agency, produced a purchaser who was ready, able and willing to purchase the property on defendants' terms she would thereupon have been entitled to her commission.

However, upon the motion for a summary judgment the issue to be determined was whether or not defendants had presented any facts which gave rise to a triable issue or defense. (*Strauss* v. *Strauss*, 90 Cal.App.2d 757, 759 [203 P.2d 857]; *Eagle Oil & Ref. Co., Inc.* v. *Prentice*, 19 Cal.2d 553, 555 [122 P.2d 264], and cases cited; *Gardner* v. *Shreve*, 89 Cal.App.2d 804, 807 [202 P.2d 322].) The affidavits filed on behalf of defendants must be liberally construed to the end that they will not be summarily deprived of a full hearing at a trial of the action. (Eagle Oil case, p. 556.) The facts set out by defendants in their affidavits must be accepted as true and if an issue of fact is raised a summary judgment is improper. (*Strauss* v. *Strauss*, supra; *Bank of America* v. *Casady*, 15 Cal.App.2d 163, 168 [59 P.2d 444].)

The facts presented in the affidavit of Evert L. Hagan were that when plaintiff brought the Condons to him it was agreed that the sale was to be for cash and with no escrow; that at the meeting in the attorney's office the Condons insisted on an escrow and Hagan refused to accede to their demand; that

the Condons agreed to pay the expenses of the escrow, and plaintiff agreed that she was not to receive her commission until the close of the escrow; that the attorney modified the contract so to provide, and after the escrow was opened plaintiff brought to Hagan an order directed to the escrow holder to pay the commission ''at the close of escrow.'' The affidavit further showed that the escrow was never closed.

A contract in writing may be altered by an executed oral agreement. (Civ. Code, § 1698.) ▮ Defendants' agreement to sell the property on terms to which they had not obligated themselves, to wit, to sell through escrow, was a sufficient consideration for plaintiff's agreement to waive her right to commissions until the close of the escrow. (*Rice Lands etc. Co.* v. *Blevins,* 61 Cal.App. 536, 543 [215 P. 402].)

▮ When a contract provides that a commission is to be paid only upon completion of the escrow transaction the commission does not become due where, through no fault of the seller, the transaction is never completed. (*Smith* v. *Frans Nelson & Sons, Inc.,* 214 Cal. 295, 296 [5 P.2d 427].) Where the only written memorandum to pay a commission was contained in escrow instructions which authorized the escrow holder to pay the commission ''at close of escrow,'' and the escrow instructions were cancelled shortly after being executed because the prospective purchaser refused to proceed with the sale, it was held that the agent was not entitled to his commission. (*Parson & Nelson, Inc.* v. *Von der Lohe,* 120 Cal.App. 277, 278 [7 P.2d 697].)

Accepting the statements in the affidavits filed by defendants to be true, as we must (*Strauss* v. *Strauss, supra*; *Bank of America* v. *Casady, supra*), the original agreement to pay plaintiff a commission when she had produced a purchaser ready, able and willing to purchase on Hagan's terms was modified so as to provide for payment at the close of escrow, the consideration for which modification was Hagan's agreement to sell on terms different from those to which he had previously given his assent.

▮ Plaintiff maintains that the judgment against J. A. Hagan should stand for the reason that he did not make an affidavit in opposition to the motion for summary judgment. He did not sign the original agreement. It was signed by Evert L. Hagan only and it does not purport to have been made on behalf of J. A. Hagan. There is no statement in any of the affidavits that he was present at the meeting in the office of the Condons' attorney. The agreement was signed

at that meeting by Evert L. Hagan as the attorney in fact for J. A. Hagan; the agreement to pay the commission "at close of escrow" was similarly signed. Since section 437c of the Code of Civil Procedure requires the facts stated in an affidavit in opposition to a motion for summary judgment to be "within the personal knowledge of the affiant" and since it does not appear that J. A. Hagan had any knowledge of the facts in connection with the transaction, he could not have made an affidavit that would comply with that section.

It is manifest that there is a triable issue of fact as to whether a consideration was payable to plaintiff at all and if so whether payable when the purchasers were produced or at the close of escrow. There may be others, one for example being whether, if a commission is owing at all, it is due to plaintiff alone under the original agreement or to her and John Bessler by reason of the written modification and the form of order upon the escrow holder which plaintiff presented to Evert L. Hagan after the escrow had been opened which provides for the payment of $2,500 each to plaintiff and John Bessler. Since plaintiff may desire to amend her complaint and defendants may deem it proper to amend their answers an appropriate order will be made in that respect.

The judgment and the order appealed from are reversed with directions to the trial court to vacate the order striking the answer of J. A. Hagan and the third amended answer of Evert L. Hagan from the files, to reinstate those pleadings in the record and to grant the parties leave to amend their respective pleadings upon application therefor.

Moore, P. J., and McComb, J., concurred.