[Civ. No. 17832.   Second Dist., Div. Two.   Oct. 27, 1950.]

FREDERIC S. WEICHMAN, Respondent, v. WILLIAM E. VETRI et al., Defendants; BRAZ COX, Appellant.

178

Jess F. High and Victor J. Obegi for Appellant.

George E. Stoddard for Respondent.

WILSON, J.—This appeal presents the simple question whether a summary judgment shall be allowed to stand when defendant's answer denies all material allegations of the complaint and the denials in his response to the motion for summary judgment and to plaintiff's affidavits present a triable issue of fact and a defense to the cause of action. The answer to this question is that in such circumstances the summary judgment must be reversed. (*Strauss* v. *Strauss*, 90 Cal. App.2d 757, 759 [203 P.2d 857]; *Gillespie* v. *Hagan*, 94 Cal. App.2d 566, 571 [211 P.2d 9].)

The complaint contains three counts: That (1) defendants became indebted to plaintiff's assignor by reason of a note or conditional sale contract in writing made, executed and delivered by them to such assignor for the purchase of certain machinery. (A copy of the contract is annexed to and made a part of the complaint. It is signed by defendant Vetri but not by Cox.) (2) defendants became indebted to plaintiff's assignor on account of repair services furnished to defendants at their special instance and request; (3) there was an account stated between plaintiff's assignor and defendants on which account there was found to be due from defendants the total of the sums referred to in the first and second counts.

Appellant Cox answered and denied any indebtedness either for the purchase price of machinery or for repairs or for any other purpose; denied that he made, executed or delivered the contract set out in the complaint and denied his indebtedness in any sum whatsoever upon the account stated or otherwise.

Pursuant to section 437c of the Code of Civil Procedure plaintiff moved for a summary judgment in his favor on the ground that the answer did not state a good or valid defense to the action. The affidavit of plaintiff accompanying the motion alleged that the action was based on a written contract

for the direct payment of money, that defendants were in default of payments due thereunder and, by the terms of the contract, the whole amount had become due and owing; that defendants Vetri and Cox were copartners operating a place of business and that the equipment covered by the contract was being used by them in the conduct of the business. The affidavit further recited that the answer admitted the execution and delivery of the contract and the acceptance of the benefits thereof. The latter statement is obviously false for the reason that the answer of appellant Cox not only did not admit anything but expressly denied the execution and delivery by him of the contract and denied any liability on his part thereunder.

In opposition to the motion an affidavit was filed on behalf of Cox setting forth that he was in no way connected with the signing of the contract and did not become associated with Vetri until August 1, 1949, whereas the contract had been executed by Vetri on November 9, 1948. The affidavit further recited that Cox never assumed in any manner the liabilities of Vetri and did not enter into any copartnership agreement with him; that the only interest Cox had in the restaurant operated by Vetri was through the placing by Cox of a liquor license on the premises.

The affidavit filed on behalf of plaintiff is not in compliance with section 437c of the Code of Civil Procedure in that it does not set forth the facts with particularity and does not show that the person who made the affidavit could competently testify to the facts therein alleged if he were sworn as a witness. The affidavit consists for the most part in conclusions of law or conclusions of fact and to that extent does not satisfy the requirements of the section. (*Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322].)

Manifestly, by the denials contained in Cox's answer and in the affidavit filed in his behalf, triable issues of fact arise, among them being whether Cox ever became a partner of Vetri and whether he ever assumed liability for the indebtedness created by Vetri's contract with plaintiff's assignor. The contract was not signed by Cox and there is no allegation that he ever assumed or agreed to pay any part of the indebtedness created thereby.

In considering a motion for a summary judgment the affidavits presented thereon must be considered most favorably

to the party against whom the judgment is sought and facts alleged in his affidavits must be accepted as true. (*Gardner* v. *Shreve*, 89 Cal.App.2d 804, 808 [202 P.2d 322]; *Haumeder* v. *Lipsett*, 90 Cal.App.2d 167, 170 [202 P.2d 819]; *Eagle Oil & Ref. Co., Inc.* v. *Prentice*, 19 Cal.2d 553, 556 [122 P.2d 264].) Hence all allegations of fact that are denied must, on the motion for a summary judgment, be taken to be untrue and all statements of defensive matter must be taken as true.

On the hearing of a motion for a summary judgment the court is without power to make findings of fact which may follow only upon a trial on the merits.

The affidavit on behalf of plaintiff further states that the answer does not allege ''a good and/or adequate defense to plaintiff's complaint'' which obviously (1) is not true by reason of Cox's positive denials, and (2) is a conclusion of law and not a statement of fact.

Respondent asks us to indulge the fantastic presumption that Vetri and Cox were partners, because, says respondent, a bar cannot be conducted except ''in connection with a restaurant or other place to dispense food'' and by operation of law such a place of business is an entity. Since respondent does not cite any authority for such a presumption we are left to assume that his suggestion is based on section 22 of article XX of the Constitution of California, which prohibits the sale or consumption of intoxicating liquor on the premises in any public saloon, public bar or public barroom, with the proviso that such liquor may be sold and consumed ''in any bona fide hotel, restaurant or café . . .'' That provision in the Constitution does not give rise to a presumption that Vetri and Cox were partners since (1) the proviso is that intoxicating liquors may be sold and consumed ''in'' a bona fide hotel, etc., but it is not required that the person who sells such liquor must own or operate the hotel, restaurant or café in which they are sold; (2) if there be any statute, rule or regulation requiring that the seller of intoxicating liquors must own the hotel or café in which they are sold, a question we are not called upon to determine, then had Cox been operating in violation thereof his act would be one for the attention of the Board of Equalization of the state or of other law enforcement officers but would not be the basis of a presumption that he was in partnership with the owner of the premises.

Several references are made in respondent's brief to Vetri's answer and to affidavits filed on purported motions to

vacate the judgment and to reconsider the original motion. Such references are without avail since that answer and the affidavits and motions are not in the record and therefore cannot be considered. The appeal is solely from the judgment. Since there is no appeal from the orders denying motions to vacate and reconsider, the files of the trial court relating thereto could not properly be brought up on appeal from the judgment.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.