[Civ. No. 18880. Second Dist., Div. Three. Oct. 17, 1952.]

FREDERIC S. WEICHMAN, Appellant, v. WILLIAM E. VETRI et al., Defendants; BRAZ COX, Respondent.

718

George E. Stoddard for Appellant.

Victor J. Obegi and Jess F. High for Respondent.

SHINN, P. J.—This case was before the court on a former appeal (100 Cal.App.2d 177 [223 P.2d 288]), when a summary judgment in favor of plaintiff was reversed.

In the first cause of action of the complaint it was alleged that William E. Vetri, James Severino, Anthony Rizzo and Braz Cox, purchased an air conditioning system from plaintiff's assignor and agreed to pay therefor $4,200, no part of which had been paid. Attached to the complaint was a copy of the written contract of purchase from one Pelton, doing business as Glendale Refrigeration Sales and Service. The second cause of action was a repetition of the first, with the additional allegation that defendants had become indebted to plaintiff's assignor for repairs in the sum of $81.91. The third cause of action alleged an account stated. Default judgment was entered against Vetri, but defendant Cox answered, denying all the allegations of the complaint. In a nonjury trial judgment was for defendant Cox and plaintiff appeals.

The contract was signed November 9, 1948, by the seller and by Vetri and Severino as buyers. The system was installed in a café then operated by Vetri. Cox was not connected with the business in any way. On the 18th day of August, 1949, an agreement was entered into between Vetri and Cox under which the latter was to provide not more than $6,500 to acquire an on sale liquor license and stock for the operation of a cocktail lounge in additions to the building occupied by the café, made necessary by the addition of the liquor business. Cox agreed to buy an on sale liquor license which it was agreed would remain his sole and separate property under all circumstances. The parties entered into a partnership in the liquor business, but the agreement provided that Cox should have no interest in the food and restaurant business and that he should not be liable in any manner for bills or obligations theretofore or thereafter incurred in connection with the restaurant business. Vetri was to operate the liquor business and Cox was not required to become active therein. The profits were to be divided, 45 per cent to Cox and 55 per cent to Vetri; losses were to be borne in the same proportions. Cox paid $5,600 for a liquor license; the business was operated for a few months, was dis-

continued, and Cox sold the license for $4,200. Upon dissolution of the partnership Cox paid Vetri $250 for his interest in the business and license.

Plaintiff's theory is that Cox became a member of an existing partnership which owned the restaurant business and thereby became liable for the existing debts of the partnership to the extent of the partnership assets under section 15017 of the Corporations Code which reads: "LIABILITY OF INCOMING PARTNER. A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, except that this liability shall be satisfied only out of partnership property." He claims the liquor license was an asset of the restaurant business and that Cox is accountable for $4,200, the amount for which it was sold.

There is no evidence that Vetri owned or operated the restaurant business in partnership with anyone else before he formed the partnership with Cox to run a liquor business, and no evidence that Cox became a partner in the restaurant business. ▮ The evidence which plaintiff relies upon to establish a partnership consisted of the application for a liquor license which was signed by Cox and Vetri, and which represented that the license would be used in a restaurant and that the business would be conducted under the name of "Vetri's Den." ▮ His argument is that inasmuch as intoxicating liquor may not be sold or consumed in a public barroom except in a "bona fide hotel, restaurant or cafe," a partnership in the liquor business was necessarily a partnership in the restaurant business, and that Cox therefore became a partner in that existing business. The same contention was advanced and rejected by the court on the former appeal. It was held that the application for a liquor license furnished no evidence whatever of a partnership in the restaurant business. ▮ The former decision is the law of the case and is conclusive as to the insufficiency of plaintiff's evidence. (*Steelduct Co.* v. *Henger-Seltzer Co.*, 26 Cal.2d 634 [160 P.2d 804]; 5 C.J.S., § 1821, p. 1267.)

No evidence was introduced under the second or third causes of action. Cox admittedly is not liable on the contract sued on in the first cause of action.

Plaintiff sued on a contract to which Cox was not a party; it was not alleged that he became a partner in an existing

partnership, nor even that he became a partner of Vetri in any business. Aside from the fact that plaintiff sued on one cause of action and sought to recover upon one that was not pleaded, there was a failure of proof of any liability of Cox to plaintiff's assignor.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.