[Civ. No. 20774.   Second Dist., Div. One.   June 1, 1955.]

BEATRICE SEABRON, Appellant, v. JOHN H. SEABRON, Respondent.

Guerin & Guerin for Appellant.

No appearance for Respondent.

DRAPEAU, J.—The superior court dismissed an order to show cause why the defendant should not pay plaintiff her attorneys' fees, costs, alimony pendente lite, and support for a minor child of the parties. The order to show cause issued concurrently with the filing of plaintiff's complaint for separate maintenance.

Upon the hearing of the order to show cause it was stated by counsel: That plaintiff left her husband in the State of Alabama; that he obtained a decree of divorce from her in that state; that he never has been a resident of California, and that the plaintiff induced him to come here by representing to him that she wanted him to have the child six months out of the year, but that when he came here to arrange for this he was served with process in this case.

The decree is an exhibit, and appears to be regular on its face.

Plaintiff appeals from the order of dismissal. She contends that she had a right to attack the validity of the decree, upon the ground that the Alabama court did not have jurisdiction to grant it. This the trial court refused to permit.

It is a familiar principle that a judgment of a court of a sister state if valid, and if regular on its face must be accorded full faith and credit in this state. (*Worthley* v. *Worthley*, 44 Cal.2d 465 [283 P.2d 19].)

But if such court was without jurisdiction either of cause or parties the judgment may be ignored. Code Civ. Proc., § 1916; *Hammell* v. *Britton*, 19 Cal.2d 72 [119 P.2d 333]; *In re Culp*, 2 Cal.App. 70 [83 P. 89].)

And lack of jurisdiction may be shown by evidence other than the record of the judgment, and even by evidence opposed to recitals contained in such record. (*Strauss* v. *Strauss*, 90 Cal.App.2d 757 [203 P.2d 857].)

It follows, therefore, that the order dismissing the order to show cause must be, and is reversed.

White, P. J., and Doran, J., concurred.