[Civ. No. 3444. Second Appellate District, Division One.—December 7, 1920.]

J. W. YOCUM, Respondent, v. HELEN F. TAYLOR, Appellant.

[1] VENDOR AND VENDEE — NONPERFORMANCE BY VENDEE — DELAY IN GIVING NOTICE—INABILITY OF VENDOR TO PLANT CROPS—DAMAGES RECOVERABLE.—Where the vendee under a contract for the sale of real property is given a reasonable time after a certain specified date within which to perform her part of the contract and, due to her delay in notifying the vendor of her determination not to so perform, the vendor is prevented from planting certain crops on the land, he is entitled to recover as damages the net income such crops would have produced.

[2] ID.—BREACH OF CONTRACT BY VENDEE—SPECIAL DAMAGES—PLEAD-ING—PROOF.—In an action for damages for breach by the vendee of a contract for the sale of real property, the plaintiff, under general allegations of damage, may recover the general damages specified in section 3307 of the Civil Code and, in addition thereto, under proper pleadings and evidence, may also recover such special damages as are the natural consequence of the detrimental acts complained of.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Luther G. Brown, E. E. Heizman and Wilbur D. Finch for Appellant.

Nathan Newby and Hugh A. McNary for Respondent.

JAMES, J.—This is an appeal from a judgment for recovery of money as damages. It is presented on the judgment-roll alone.

The action grew out of a transaction had between plaintiff and defendant whereby the defendant contracted to purchase certain real property belonging to the plaintiff. An agreement to effect such sale was duly made, but defendant defaulted in the performance of the conditions required of her as to the payment of the purchase price, and plaintiff then brought this action for damages. In the complaint

facts were first alleged showing that damage had been suffered which would fall within the measure established by section 3307 of the Civil Code. It was particularly alleged further that certain special damages have been sustained. At the trial, as the findings disclose, all claim to the general damages was waived, and the court found that special damages had been sustained as to two matters: First, that plaintiff had been compelled to pay a ditch tax incident to the ownership of the land "without using said irrigation ditch," and that because plaintiff had been unable to plant a crop of barley until the growing season had advanced too far, further damage had been suffered in the amount of $1,782. These special damages were alleged and found to have occurred because of the fact that under the contract the defendant was given a reasonable time after October 18, 1918, within which to perform her part of the contract, and that she did not notify plaintiff until after the 1st of December, 1918, of her determination not to so perform. It was the running of this time, as alleged, which prevented plaintiff from planting the crops on the land during the month of October, which, if they had been so planted, would have produced to plaintiff a net income in the amount last above stated. [1] We have no doubt that the law permits the recovery of the latter item of damages, and, under the familiar rule, where the evidence is not brought up, we must assume that there was ample evidence to sustain the decision as made by the court. [2] We cannot agree with appellant's counsel in the argument that no damages other than those which fall within the measure provided by section 3307 of the Civil Code may be recovered. The damages therein specified are general damages which are recoverable under general allegations of damage. There may be special damages also, such as are the natural consequence of the detrimental acts complained of, and these may be recovered under proper pleadings and evidence. (*Stevenson* v. *Smith*, 28 Cal. 103, [87 Am. Dec. 107]; *Morris* v. *Allen*, 17 Cal. App. 684, [121 Pac. 690]; *Moore* v. *Fredericks*, 24 Cal. App. 536, [141 Pac. 1049].) These cases announce the general rule as we have stated it. That such special damages are not speculative and too remote to be susceptible of legal proof is now well settled.

As to the first item of damages, to wit, that referring to the tax paid on the irrigation ditch, we fail to find sufficient in the findings to sustain the judgment for the recovery of that amount. By the findings it appears that the ditch charge was collectible whether the water was used or not, and there are no facts found which show how or in what manner plaintiff would have derived a profit had he been able to use the ditch.

It is ordered that the judgment be modified by deducting therefrom the sum of $118. As so modified the judgment is affirmed; the respective parties to bear their own costs.

Conrey, P. J., and Shaw, J., concurred.