[Civ. No. 19555. Second Dist., Div. Three. July 23, 1953.]

DAVID S. BOSHES, Respondent, v. HERMAN MILLER et al., Appellants.

Arthur V. Kaufman and Fleming, Robbins & Tinsman for Appellants.

Bishop & Hoffman for Respondent.

SHINN, P. J.—This is an appeal by defendants Miller and Fisher from a judgment granting plaintiff damages for failure to convey real property to him. Plaintiff, a contractor, and defendants entered into a joint venture the terms of which were expressed in a writing of August 4, 1947. They were to acquire lots, build houses and sell them, sharing the profits and losses one-third to plaintiff and two-thirds to defendants. Title was to be placed in plaintiff, he was to obtain construction loans upon notes and trust deeds of himself and wife, following which title was to be placed in the names of defendants, who were to provide any additional financing for the purchase of lots and for the construction. Lots 37, 47 and 100 were purchased, loans were obtained and houses built. Plaintiff, however, contributed some $9,600 to the venture although not required by the agreement to contribute anything but his services and the benefits of any trade discounts he might obtain. In May, 1948, the houses being unsold, the joint venture was dissolved. An accounting was had; it was determined that defendants would take Lots 37 and 47 and plaintiff Lot 100, paying defendants there-

for $9,362.52. Plaintiff was given until September 26, 1948, to pay the money. An escrow was arranged with a bank under which September 30th was fixed as the time the money should be paid and defendants were given the right to terminate the escrow if it were not paid. Plaintiff, with knowledge of defendants, made alterations in the house on Lot 100 at an expense of $1,380.58 and he also paid a bill for electrical work on the three houses, $374.84 of which was on defendants' houses, which latter amount they agreed to pay him by deducting it from the $9,362.52. The crucial question in the case was whether plaintiff was prevented or dissuaded from depositing his money in escrow on September 30th by the conduct of the defendants actuated by willfullness and bad faith.

Among the six causes of action of the complaint was one for specific performance or for damages if specific performance could not be had. It was admitted that plaintiff did not deposit his money in the escrow but alleged that he was ready, able and willing to do so and was dissuaded therefrom by certain conduct of the defendants, because of which, it was pleaded, defendants should be held estopped to claim nonperformance on his part.

Pursuant to the allegations of the complaint there was evidence of the following facts: About September 23d defendants stated to plaintiff that he must have the money in escrow by September 30th; plaintiff stated that he expected to have all the money by that time; defendants proposed that the three would meet in the office of defendants at 3 p.m. September 30th and go to the escrow office where plaintiff would make the deposit and defendants would give instructions reducing their demand by the amount of their share of the bill for electrical work. Plaintiff agreed to this arrangement. He went to defendants' office at 2:45 and found it locked; he remained there or thereabouts watching for the appearance of defendants; twice he telephoned to Miller's house and was assured by Mrs. Miller that Miller had said he would be at the office and would surely come, and was urged by Mrs. Miller to wait there, which he did until it was too late to go to the escrow office. He had with him the check of an insurance company for over $10,000 which he intended to place in the escrow. In the evening he called Miller's house twice and was told by Mrs. Miller that Miller was not at home; he left word for Miller to call him, which Miller did not do. The following morning plaintiff went to the escrow office to deposit his check and learned that Miller and Fisher

and their wives had gone to the escrow office while he was waiting at their office and had signed a cancellation of the escrow and demand for the return of their deed, dating it October 1st. He called defendants and was told that he was "out cold," that he had better forget he ever had Lot 100 and charge the deal up to experience. On October 6th he filed the present action. We may pass over intervening events that preceded the sale of Lot 100 by defendants to an innocent purchaser, which prevented a decree for specific performance.

The court found the facts to be as testified to by plaintiff; found that plaintiff had trust and confidence in defendants; was ready, able and willing to deposit his money; believed and relied upon and was deceived by the statements and conduct of the defendants and otherwise would have deposited his money September 30th and would in all respects have performed his agreement. It was found that defendants acted willfully, in bad faith and with an intention to deceive plaintiff; that the reasonable market value of the property exceeded the price to be paid by $7,012.32, for which judgment was given with interest from September 30th.

It is at once apparent that if these findings have support in the evidence plaintiff established a right to the damages which he was awarded. They do have ample support in the evidence. In fact the principal evidence upon which the finding of estoppel was based is stated in defendants' opening brief, namely, the circumstances as to the agreement to meet at defendants' office and plaintiff's waiting there while defendants were secretly cancelling the escrow. Bad faith and an intention to deceive plaintiff would be inferred from the facts in evidence by the most charitable mind. Reasonable inferences were that plaintiff believed defendants, trusted them, was deceived, and otherwise would have deposited his money on time. Defendants' counsel have done the best they could with a difficult case, but they very properly stop short of saying that the facts found do not furnish a sound basis for a finding of estoppel.

Plaintiff complicated his case by pleading six separate causes of action. One of them alleged an oral agreement as to the terms of the joint venture which were not carried into the written agreement, and another oral agreement that plaintiff need not pay for Lot 100 until he had sold it. Evidence of these oral agreements was introduced over objection of defendants and the court found that the agreements were made as alleged. The court made 44 findings. The briefs

contain 167 pages. No less than 50 pages are devoted to the discussion of findings which were not at all necessary to establish a basis for the judgment. Since the findings as to the bad faith of the defendants, estoppel and damage support the judgment it is of no consequence whether these other findings have support in the evidence.

It was error to receive evidence of the oral agreements if the purpose was to vary the terms of the written agreements. If the evidence was received merely to show that plaintiff had trust and confidence in defendants, and was more likely than not to believe their intentions were to deal fairly with him, there was no error. But the judgment was based upon findings of prevention of performance of the written agreements and not upon the oral agreements. It would necessarily have been the same if the evidence of the oral agreements had been excluded, or if the finding had been that the alleged agreements had not been made.

The final question is whether interest should have been allowed prior to the date of the judgment. Chapter 2, part 1, division 4 of the Civil Code treats of damages. Section 3357 provides: ''The damages prescribed by this chapter are exclusive of exemplary damages and interest, except where those are expressly mentioned.''

Sections 3287,[1] 3300[2] and 3306[3] read as set out below. Section 3306, being a special provision, prevails over the general sections. (Code Civ. Proc., § 1859; *Woollomes* v. *Woody*, 79 Cal.App.2d 696 [180 P.2d 439].) Since interest is mentioned as to some items of damage, but not as to damages allowed for bad faith, the latter do not carry interest prior to the date of judgment. The amount of such damage

---

[1] ''Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such times as the debtor is prevented by law, or by the act of the creditor, from paying the debt.''

[2] ''For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.''

[3] ''The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land.''

would be the subject of proof, which was, no doubt, the reason for not allowing interest from the date of the breach.

Plaintiff says he was entitled to interest upon the findings, pursuant to his count for money had and received that defendants were indebted to him in the sum of $7,012.32. He alleged in his fifth cause of action that defendants were indebted to him in the sum of $12,719.98 for money had and received, consisting of money he had advanced and spent upon the properties. ▆ He contends that he received judgment for $7,012.32 as for money had and received. He is mistaken. He sued on the contract for specific performance or for damages, and was given a judgment for damages. He could have treated the contract as rescinded because of defendants' breach, and sued for the amount by which defendants had been unjustly enriched, or he could have stood on the contract and sued for damages resulting from the breach. He could not do both, and if he recovered on one theory he could not recover on the other. He could not take out his money, which was the consideration for the contract, and at the same time enforce the contract. As long as the contract had not been modified, superseded or rescinded his action was on the contract. (*Lavenson* v. *Wise*, 131 Cal. 369 [63 P. 622].) His action and his recovery were on the contract. ▆ Having sued for special damages allowed by section 3306, Civil Code, on which interest is not allowed, the award of interest was error.

The judgment is modified by striking out the provision for interest and as modified is affirmed, without costs on appeal to either party.

Wood (Parker), J., concurred.

Vallée, J., did not participate.