[Civ. No. 5779.   Fourth Dist.   Jan. 26, 1959.]

EDWARD W. GORGES et al., Plaintiffs and Appellants, v. MINTA H. JOHNSON, Defendant and Appellant.

350

J. Frederick Rosen and C. Frederick Woolpert for Plaintiffs and Appellants.

Richard M. Marsh for Defendant and Appellant.

SHEPARD, J.—This is an action for specific performance and for damages. In general, plaintiffs allege that on May 31, 1954, defendant agreed to sell to plaintiffs by the agreement hereinafter set forth the property therein described to be conveyed. Said document reads as follows:

> "Received of Grace Gorges
> 1 Wing foot House Cathedral
> City + 2000.00 cash Bal
> 14,500 @ 100.00 per month
> or more @ 6% for
> Home at 569 F. St.
> Cathedral City this also

encludes all Furniture at
F St. Wingfoot also
has furniture

"Minta H. Johnson"

The complaint also contains the allegations of fair and reasonable value, delivery of $2,000 check plus Wing foot house and furnishings, demand for conveyance, refusal by defendant to convey, and a prayer for specific performance and $24,000 damages.

Defendant's answer admits (1) the ownership of the land described in the document; admits signing some paper; denies execution of the particular receipt alleged; denies agreement to sell; denies fairness of price; admits receiving a check but alleges it was received conditionally on approval of Wing foot house and that check was returned; admits demand but denies refusal to convey. As other defenses, defendant pleads (2) a general demurrer to sufficiency of the complaint; (3) statutes of fraud in bar; (4) conditional signing and no final agreement; (5) a purported defense of fraud.

After a full trial, the court found that the agreement quoted was entered into; that the check was first accepted, then refused and torn up; that plaintiff has demanded and defendant refused to convey the property referred to; that reasonable rental value of plaintiffs' Wing foot house was $55 per month; that plaintiffs refrained from leasing the same for 21 months in reliance on defendant's agreement and therefore lost such rental, and are entitled to judgment therefor in the amount of $1,155 and costs. There is no finding that the Wing foot house was ever delivered to or received by defendant and the evidence would not support such a finding. The court also allowed as costs one-half the amount paid to a handwriting expert for testimony as to the signature of defendant to the alleged agreement. Plaintiffs and defendant appeal.

Plaintiffs charge the trial court with error in its finding that the property subject to this action was not described with sufficient certainty to support a decree of specific performance.

■ An examination of the document immediately reveals that it contains no provision as to how the deferred payments were to be evidenced or secured. Under such conditions of uncertainty as to terms it could not be specifically enforced. (*Klein* v. *Markarian*, 175 Cal. 37, 41 [165 P. 3]; *Gould* v.

*Callan,* 127 Cal.App.2d 1, 4 [4] [5] [273 P.2d 93] ; *Bonk* v. *Boyajian,* 128 Cal.App.2d 153, 155 [274 P.2d 948].) ▪ The description of the land itself is insufficient to permit of specific performance because it would be impossible for a stranger to locate the property on the ground. The document does not show whether the place called ''Cathedral City'' is in California or Maine ; it does not show whether any map thereof was ever recorded ; whether the street number is that of a particular and sole residence ; it gives no inventory or description of the furniture involved ; and no inkling of whether or not the Wing foot house is realty or personalty. (*Roberts* v. *Lebrain,* 113 Cal.App.2d 712, 715 [3] [4] [5] [248 P.2d 810].)

▪ Under some conditions, parol evidence can be received to assist in determining the meaning of the words used for property description. (*Ellis* v. *Klaff,* 96 Cal.App.2d 471, 476 [216 P.2d 15]). But when, as here, the statute of frauds interposes a bar no material elements of a contract may be supplied by parol. No estoppel was pleaded or proved in the case at bar. (*Ellis* v. *Klaff, supra*; *Joyce* v. *Tomasini,* 168 Cal. 234, 238 [142 P. 67] ; *McKevitt* v. *City of Sacramento,* 55 Cal.App. 117 [203 P. 132] ; *Pruitt* v. *Fontana,* 143 Cal.App.2d 675, 686 [5] [300 P.2d 371]. ▪ Nowhere in the pleading or in the trial was any evidence offered to show that the descriptive terms could actually be applied to the land or property on the ground in any of the ways we have hereinbefore suggested, or in any other way. Under the circumstances of this case, with the evidentiary deficiencies as noted, there was no proper basis for a judgment of specific performance. If we view the matter from the standpoint of personalty, specific performance will not lie. (*Emirzian* v. *Asato,* 23 Cal.App. 251, 257 [137 P. 1072].)

▪ In this state the inability of a court to order specific performance does not necessarily cut off all right to relief. We have only one form of civil action in such matters, and it is therefore the duty of the court to look at the problem as a whole for the purpose of doing justice between the parties if it is possible. (*Bettancourt* v. *Gilroy Theatre Co., Inc.,* 120 Cal.App.2d 364, 372 [4] [261 P.2d 351] ; *Eastwood Homes, Inc.* v. *Hudson,* 161 Cal.App.2d 532, 540 [4] [327 P.2d 29].) In the case of *Pascoe* v. *Morrison,* 219 Cal. 54, 58 [25 P.2d 9], quoting from *Haffey* v. *Lynch,* 143 N.Y. 241 [38 N.E. 298], it is said :

'' 'In addition thereto the facts as pleaded, without refer-

ence to any question of specific performance, entitled plaintiff to damages; and, as shown by the cases heretofore cited, the court was not only authorized, but it was its duty to grant such relief as the evidence warranted.' "

■ However, damages awarded are controlled by our statute. Rental, while an element of special damage in some cases when specially pleaded, is not an item of general damage. There was no plea of special damages here. Rental was therefore an improper measure of damage. (Civ. Code, § 3306; *Smith* v. *Schrader*, 80 Cal.App. 478, 491 [251 P. 967]; *Cummings* v. *Roeth*, 10 Cal.App. 144, 153 [101 P. 424]; *Yocum* v. *Taylor*, 50 Cal.App. 294, 295 [195 P. 62]; *Baran* v. *Goldberg*, 86 Cal.App.2d 506, 511 [5] [194 P.2d 765].)

"The compensation is to be adjusted according to the rules obtaining with regard to the measure of damages for the breach of a contract in an action at law." (*Engasser* v. *Jones*, 88 Cal.App.2d 171, 176 [4] [198 P.2d 546].)

■ Said Civil Code, section 3306, "relating to detriment caused by breach of agreement to convey an estate in real property being a special provision, prevails over general statutes on damages. (*Boshes* v. *Miller*, 119 Cal.App.2d 332, 336 [259 P.2d 447].)" (*Rasmussen* v. *Moe*, 138 Cal.App.2d 499, 503 [3] [292 P.2d 226].)

In some phases of this cause it would appear to be an attempted partial exchange, especially as to the "Wing foot" house upon the use of which the damages complained of are based. Since the contract here involved remained executory at all times, a difference in values was the proper measure of general damages, bearing in mind that no special damages were ever pleaded. (*Barnhart* v. *Blackburn*, 137 Cal.App. 240, 244 [4] [30 P.2d 424].)

■ Defendant complains of the court's ruling on her motion to tax costs. The only portion of this objection argued in the brief is with respect to one-half the fee charged by the handwriting expert. We agree with defendant's objection in this regard. We can find nothing in the record to show that the witness Clark Sellers was appointed by the court. He was called to the witness stand and examined on behalf of plaintiffs. There is no returned subpoena in the file. There is no way in the record that he may be deemed the witness of anyone except the plaintiffs. While the court has considerable discretion in equity actions, that discretion can be exercised only in those actions not specifically covered by section 1032, Code

of Civil Procedure. The action here at bar is fully covered by Paragraph (a) of said section 1032, and since the record does not show that the witness was appointed by the court the allowance of the fee involved was not, as against the defendant, within the power of the court. Plaintiffs cite in support of their position on the cost bill *Reachi* v. *National Auto. & Cas. Ins. Co.*, 37 Cal.2d 808, 813 [5] [236 P.2d 151]. However, it clearly appears that the expert's fees referred to therein were an item of damage claimed in a preceding action for damages on an undertaking on attachment, and not as costs. In the only other case cited by plaintiffs in support of their position (*Dodge* v. *San Diego Electric Ry. Co.*, 92 Cal. App.2d 759, 769 [14] [208 P.2d 37], the experts involved were, in fact, appointed by the court under the provisions of Code of Civil Procedure, section 1871, and the record so showed. ''The right to recover costs is entirely statutory and 'the measure of the statute is the measure of the right.' '' (*Moss* v. *Underwriters' Report, Inc.*, 12 Cal.2d 266, 274 [9] [83 P.2d 503].)

The portion of the judgment denying specific performance is affirmed. The balance of the judgment is reversed. The costs on appeal are allowed to the defendant.

Griffin, P. J., and Mussell, J., concurred.