[No. A069418. First Dist., Div. One. Mar. 8, 1996.]

HARVEY RIFKIN, Plaintiff and Respondent, v.
MARCEL ACHERMANN et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II, A-D.

## COUNSEL

Herbert G. Hawkins for Defendants and Appellants.

Rubenstein & Bohachek and Earl L. Bohachek for Plaintiff and Respondent.

## OPINION

**SWAGER, J.**—This extended litigation reaches us for a second time on appeal. We remand the case for two minor modifications in the judgment—a recalculation of interest and the deletion of one item of costs—and otherwise affirm the judgment.

### I. *Facts and Procedural History*

The dispute arises from a standard real estate sales agreement in which Marcel and Adelheid Achermann (hereafter the Achermanns) agreed to sell their former residence in Marin County to Harvey Rifkin (hereafter Rifkin) at a closing set for June 15, 1988. A week after the scheduled closing, on June 22, 1988, Rifkin filed a complaint for specific performance and damages against the Achermanns. Finding the Achermanns to be in breach of the contract to sell the property, the trial court awarded Rifkin a judgment for $115,000 in general damages, $10,000 in punitive damages, plus costs and attorney fees. On appeal, we affirmed the judgment for Rifkin but held that the trial court erred in calculating general damages and awarding punitive damages. In an opinion entered December 29, 1992, we remanded the case "for a new trial on the issue of damages." We allowed Rifkin, however, to renew a demand for specific performance that he had abandoned in reliance on the mistaken measure of damages employed by the trial court.

This disposition should have resulted in a simple proceeding on remand. The Achermanns, however, waged an extensive series of legal skirmishes before the case came up again for trial on July 22, 1994. The trial was continued to September 23, 1994, and concluded after three days of hearings on December 5 through 7, 1994. In a judgment entered January 25, 1995, the court denied Rifkin's demand for specific performance but awarded him $47,000 in compensatory damages, plus prejudgment interest in the amount of $30,920.14 and attorney fees and costs in an amount to be later assessed. In an order entered April 7, 1995, the court set the award of costs at $177,322.25, including attorney fees of $162,512.50. The Achermanns filed a timely notice of appeal.

### II. *Discussion*

A.-D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 391.

E. *Award of Prejudgment Interest*

■ Lastly, the appeal raises a difficult and significant issue: the right of the buyer under a real estate sales contract to recover prejudgment interest from the defaulting seller on damages measured by the difference between contract price and the value of the real property at the time of the breach. There is a dearth of well-defined authority on this issue. As amended in 1983 (Stats. 1983, ch. 262, § 1, pp. 805-806), the statute defining the buyer's remedies, Civil Code section 3306, mentions interest at the end of a series of recoverable elements of damages: "The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach, the expenses properly incurred in preparing to enter upon the land, consequential damages according to proof, and *interest.*" (Italics added.)

Prior to 1983, Civil Code section 3306 related interest only to the first two of these elements of damages: "The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, *with interest thereon*; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land." (Italiics added.)

The same 1983 statutory amendment recognized interest as an element of the seller's damages for the buyer's breach of a contract to convey real property. (Stats. 1983, ch. 262, § 1, pp. 805-806.) The statute defining the seller's remedies, Civil Code section 3307, provides: "The detriment caused by the breach of an agreement to purchase an estate in real property is deemed to be the excess, if any, of the amount which would have been due to the seller under the contract over the value of the property to him or her, consequential damages according to proof and *interest.*" (Italis added.) Prior to 1983, section 3307 contained no reference to interest.

The pre-1983 case law, though not entirely consistent, provided authority for the denial of interest on damages measured by the difference between the contract price and the market value of the property. Two cases dealt with the buyer's remedies. In *Boshes* v. *Miller* (1953) 119 Cal.App.2d 332, 336 [259 P.2d 447], the court held Civil Code section 3306 implicitly disallowed recovery of interest on damages measured by the difference between the price and the fair market value. The court reasoned, "Since interest is

mentioned as to some items of damage, but not as to damages allowed for bad faith [i.e. the price/value differential], the latter do not carry interest prior to the date of judgment." A Supreme Court decision, *Coughlin* v. *Blair* (1953) 41 Cal.2d 587 [262 P.2d 305], is more difficult to construe. The court relied on Civil Code section 3287 to hold that the buyer could not recover interest on damages based on loss of use of the property, "since the amount of damages could not be ascertained except on conflicting evidence." (*Coughlin* v. *Blair, supra,* at p. 604.) Nevertheless, the court affirmed without explanation the award of "$9,500 general damages *with interest thereon.*" (*Id.,* at p. 607, italics added.) The general damages were based on the difference between the current value of the property and the value it would have had if the seller had made certain agreed offsite improvements.

Other decisions dealing with the seller's remedies for the buyer's breach of a real estate sales contract unequivocally deny interest on damages measured by fair market value. Since Civil Code section 3307 contained no reference to interest, these cases are predicated on the general provisions of Civil Code section 3287. In *Caplan* v. *Schroeder* (1961) 56 Cal.2d 515 [15 Cal.Rptr. 145, 364 P.2d 321], the court allowed a defaulting buyer to recover the amount of a down payment he had made, less the seller's damages for his default. The court held that he could recover interest on the down payment only from the date of a stipulation setting the amount of the seller's damages: "Since the value of the property on which the extent of the damages depended (see Civ. Code, § 3307) was not certain and could not be made certain by calculation [citations], interest did not become payable until the parties stipulated to that value on October 16, 1958." (*Id.,* at p. 521.) In *Abrams* v. *Motter* (1970) 3 Cal.App.3d 828 [83 Cal.Rptr. 855], the seller recovered damages measured by the difference between the contract price and the fair market value at the date of breach. Following the *Caplan* decision, the court held that Civil Code section 3287 barred the recovery of interest on such "loss of bargain damages" (*Abrams* v. *Motter, supra,* at p. 841) because they could not "be computed except on conflicting evidence." (*Id.,* at p. 842.)[2]

Two other decisions involving negligence actions permitted the recovery of interest under Civil Code section 3287 even though damages were determined with reference to the fair market value of real property. (*Howe* v. *City Title Ins. Co.* (1967) 255 Cal.App.2d 85, 88 [63 Cal.Rptr. 119]; *Ruth* v.

---

[2]The authority of the *Abrams* decision is subject to question because the court did not consider whether the award of prejudgment interest could be upheld under the authority of subdivision (b) of Civil Code section 3287 (Stats. 1967, ch. 1230, § 1, p. 2997) but rather followed *Caplan* v. *Schroeder* (1961) 56 Cal.2d 515 [15 Cal.Rptr. 145, 364 P.2d 321] which was decided before the enactment of subdivision (b).

*Lytton Sav. & Loan Assn.* (1968) 266 Cal.App.2d 831, 845 [72 Cal.Rptr. 521].) Under the peculiar facts of these cases, the courts found that the damages were capable of being made certain by calculation.

Apart from the *Boshes* decision, these precedents rest more or less explicitly on an application of the general provisions of Civil Code section 3287. This section, however, was amended in 1967 to give the trial court discretionary authority to award prejudgment interest in contract actions. Subdivision (a) of section 3287, which derives from the original statutory provision enacted in the 1872 code, provides a right to recover prejudgment interest on damages capable of precise calculation: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ." Subdivision (b) of section 3287, added in 1967, gives the trial court further discretionary authority to award prejudgment interest: "Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed."

The 1983 amendments to Civil Code sections 3306 and 3307 must be viewed against this background of decisional and statutory law.[3] With respect to the issue of prejudgment interest as damages, section 3306 and section 3307 are clearly in pari materia—both statutes involve provisions for loss-of-bargain damages for breach of a real estate sales contract and contain interest provisions added by the same 1983 statute in the same grammatical location. (See *Kizer v. Hanna* (1989) 48 Cal.3d 1, 12 [255 Cal.Rptr. 412, 767 P.2d 679].) We will consider section 3307 first since the issue appears somewhat clearer in the case of that statute.

The addition of the words "and interest" at the end of Civil Code section 3307 appear to recognize a right to recover prejudgment interest on damages measured by the difference between contract price and market value. The statute provides only for damages based on the price/market value differential and for consequential damages. Whether or not the reference to interest on damages has any reference to consequential damages, it would be unreasonable to read it as having exclusive reference to consequential damages. If

[3]The only decision in point decided after 1983, *Al-Husry v. Nilsen Farms Mini-Market, Inc.* (1994) 25 Cal.App.4th 641 [31 Cal.Rptr.2d 28], provides no assistance. The case involved breach of a contract for the sale of a business with underlying real estate. The court appeared to rely on Civil Code section 3287 in upholding the buyer's right to recover interest on an escrow deposit as damages, but it did not address the issue of loss-of-bargain damages except in a footnote which discussed Civil Code section 3287, subdivision (a), without mentioning Civil Code section 3287, subdivision (b). (*Al-Husry, supra,* at p. 650, fn. 15.)

any reasonable significance is to be given to the phrase, it must apply to loss-of-bargain damages measured by the difference between contract price and market value. It is axiomatic that some significance should, if possible, be given to every word or phrase in an act. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155].)[4]

From the point of view of statutory syntax, the amendment to Civil Code section 3306 also appears to recognize a right to recover prejudgment interest as damages measured by the contract price/market value differential. The previous language gave a right to recover interest on "the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers." The Legislature would have no reason to move the reference to interest to the end of the statute unless it contemplated that interest could be awarded on at least some additional elements of damages preceding the phrase "and interest," in particular "the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach."

Since Civil Code sections 3306 and 3307 are in pari materia, the relatively clear import of the 1983 amendment with respect to section 3307 is authority for a similar interpretation of the amendment to section 3306 as recognizing a right to recover prejudgment interest on loss-of-bargain damages. It is perhaps possible to distinguish the buyer's and seller's right to recover this element of damages.[5] It would be an anomaly, however, to give one party to the transaction a more extensive right to damages than the other. We think it is most likely that the Legislature intended to recognize an equivalent right to recover interest as damages to both buyer and seller. The comment to the Senate Committee on Judiciary in fact states: "The purpose of this provision is to provide equivalent remedies to a buyer and seller in the event of a

---

[4]The legislative history supports the inference to be drawn from the statutory language. The Senate Committee on Judiciary comments, "Under existing law only a non-breaching buyer may recover interest on his damages. [¶] This bill would also permit a non-breaching seller to recovery [*sic*] interest on his damages." (Sen. Com. on Judiciary, Rep. on Assem. Bill No. 1068 (1983-1984 Reg. Sess.) as amended May 12, 1983, p. 5.) The Assembly File Analysis prepared by the Assembly Office of Research for the third reading (May 26, 1983) states, "This bill also provides for the recovery of consequential damages and interest in the event of a breach by the buyer." (Assem. Office of Research, 3d reading analysis of Assem. Bill No. 1068 (1983-1984 Reg. Sess.).) The Enrolled Bill Report of the Department of Real Estate observes, "Current law provides that the measure of damages for breach of an agreement to buy real property is the difference between the contract price and the value of the land to the seller. This bill would add additional elements of consequential damages and interest." (Business and Transportation Agency, Cal. Dept. Real Estate, Enrolled Bill Rep., Assem. Bill No. 1068 (1983-1984 Reg. Sess.) July 7, 1983.)

[5]In the absence of breach, the seller would have the purchase money and the buyer would have the property. The purchase money might earn interest; the property would not.

breach of contract." (Sen. Com. on Judiciary, Rep. on Assem. Bill No. 1608 (1983-1984 Reg. Sess.) as amended May 12, 1983, p. 5.)

The question remains: does Civil Code section 3306 establish an independent basis for the recovery of prejudgment interest on damages or merely refer to the existing authority for an award of prejudgment interest under Civil Code section 3287? We are reluctant to construe the provision as conferring an independent right to interest on damages for breach of a real estate sales contract. The mere insertion of the words "and interest" at the end of Civil Code sections 3306 and 3307 provides no guidance to determine the extent of such a right. Before the 1983 amendments, the right to recover prejudgment interest on damages under Civil Code section 3306 had clear reference to the interest allowable on a liquidated sum under the original provisions of Civil Code section 3287. We think the phrase "and interest" should continue to be read as referring to the generally applicable provisions of section 3287 regarding prejudgment interest. As amended in 1967, subdivision (a) of section 3287 establishes a right to recover prejudgment interest on damages "capable of being made certain by calculation" and subdivision (b) gives the court general discretionary authority to award prejudgment interest where damages are "based upon a cause of action in contract . . . ." The discretionary authority conferred by subdivision (b) will ordinarily apply to loss-of-bargain damages measured by the contract price/market value differential. (But see *Howe v. City Title Ins. Co., supra,* 255 Cal.App.2d at p. 88; *Ruth v. Lytton Sav. & Loan Assn., supra,* 266 Cal.App.2d at p. 845.) In effect, the Legislature merely removed the negative implication, arising from former statutory language and certain legal precedents, that prejudgment interest was not allowable according to the generally applicable principles of Civil Code section 3287, subdivisions (a) and (b). (See 9 Miller & Starr, Cal. Real Estate (2d ed. 1990) § 30:34, p. 372.)

Under this interpretation of Civil Code section 3306, we are presented with the question whether the trial court here abused its discretion in including in the award of damages the sum of $30,920, representing 10 percent interest from June 15, 1988, to January 15, 1995, on damages measured by the fair market value of the property on the date of breach less the purchase price. We see no basis for finding such an abuse of discretion since the award of interest on this element of damages appears clearly within the contemplation of Civil Code section 3306. We perceive only one very minor error. Civil Code section 3287, subdivision (b), provides that interest may not run from a date "earlier than the date the action was filed." Under our analysis, this limitation is applicable to interest awarded under Civil Code section 3306. Since the present action was not filed until June 22, 1988, the court erred in awarding interest for the period of June 15 to June 22, 1988.

### III. *Disposition*

The case is remanded to the trial court for the recalculation of the award of interest and for modification of the order awarding costs pursuant to this decision. In all other respects, the judgment is affirmed. Each party shall bear its own costs on appeal.

Strankman, P. J., and Dossee, J., concurred.

Appellants' petition for review by the Supreme Court was denied June 12, 1996.