[Nos. F032493, F033135. Fifth Dist. June 22, 2001.]

LEWIS C. NELSON & SONS, INC. Plaintiff and Respondent, v. CLOVIS UNIFIED SCHOOL DISTRICT, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the opinion is certified for publication with the exception of the SUMMARY OF THE FACTS AND PROCEEDINGS BELOW and parts I., II.A., II.B.5., II.C., and II.D. of the DISCUSSION.

COUNSEL

Bolling, Walter & Gawthrop, Marjorie E. Manning, John A. Whitesides, Kevin W. Reager; Eldridge, Anderson & Shapazian and William D. Anderson for Defendant and Appellant.

McInerney & Dillon, Robert L. Leslie and Alexander Bannon for Plaintiff and Respondent.

## OPINION

**DIBIASO, J.**—In the published portion of this opinion we hold that Civil Code section 3287, subdivision (b), applies to public entities.

SUMMARY OF THE FACTS AND PROCEEDINGS BELOW*

. . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 64.

## Discussion

### I. *Compliance with Claims Act**

. . . . . . . . . . . . . . . . . . . . . .

### II. *Other Issues*

We will address a number of issues which raise independent challenges to the judgment and which will not disappear on remand.

#### A. *Timeliness of Claim**

. . . . . . . . . . . . . . . . . . . . . .

#### B. *Prejudgment Interest*

The trial court awarded respondent Lewis C. Nelson & Sons, Inc. (Nelson) prejudgment interest on the jury verdict in its favor from the date Nelson's complaint against appellant Clovis Unified School District (District) was filed. The District contends that, because Nelson's damages were unliquidated, this award violates the spirit of Government Code section 900 et seq. (added by Stats. 1963, ch. 1715, § 1, p. 3372) (Claims Act) and was not authorized by law. Nelson counters that subdivision (b) of Civil Code section 3287 provides for prejudgment interest on unliquidated claims and the award was necessary to make Nelson whole. The District replies that subdivision (b) of Civil Code section 3287 does not apply to public entities.

##### 1. *Civil Code Section 3287*

When enacted in 1872, Civil Code section 3287 read: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt."

In 1955, after a series of cases had held that prejudgment interest was not recoverable against public entities without express statutory authority (e.g., *Los Angeles Dredging Co. v. Long Beach* (1930) 210 Cal. 348, 362 [291 P.

---

*See footnote, *ante*, page 64.

839, 71 A.L.R. 161]), the section was amended to add the phrase "[t]his section is applicable to recovery of damages and interest from any such debtor, including any political subdivision of the State." (Stats. 1955, ch. 1477, § 1, pp. 2689-2690; *Mass v. Board of Education* (1964) 61 Cal.2d 612, 624-627 [39 Cal.Rptr. 739, 394 P.2d 579].) In 1959, the words "political subdivision," which had been construed narrowly by the courts (see, e.g., *Blum v. City & County of San Francisco* (1962) 200 Cal.App.2d 639, 644 [19 Cal.Rptr. 574]), were legislatively defined to mean "the State or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the State." (Stats. 1959, ch. 1735, § 1, p. 4186.) These 1955 and 1959 amendments thus provided a clear statutory "exception to the general rule [that prejudgment interest was not recoverable against public entities], and this exception has been consistently recognized by this court as imposing liability for interest on such entities. [Citations.]" (*Tripp v. Swoap* (1976) 17 Cal.3d 671, 683-684 [131 Cal.Rptr. 789, 552 P.2d 749], overruled on other grounds in *Frink v. Prod* (1982) 31 Cal.3d 166, 171 [181 Cal.Rptr. 893, 643 P.2d 476].) After the 1955 and 1959 amendments, courts routinely found public entities, as any other debtor, liable for interest from the day an obligation became due, so long as the amount owed was liquidated—that is, the amount of the obligation was or could be made certain. (See *Benson v. City of Los Angeles* (1963) 60 Cal.2d 355 [33 Cal.Rptr. 257, 384 P.2d 649]; *Todd Shipyards Corp. v. City of Los Angeles* (1982) 130 Cal.App.3d 222, 226 [181 Cal.Rptr. 652]; *City of Pasadena v. County of L. A.* (1965) 235 Cal.App.2d 153, 160 [45 Cal.Rptr. 94].)

In 1967, Civil Code section 3287 was again amended to add to it subdivision (b), and the statute now reads as follows:

"(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.

"(b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date

the action was filed." (Civ. Code, § 3287, as amended by Stats. 1967, ch. 1230, § 1, p. 2997.)[16]

■ The addition of subdivision (b) created a limited exception to the prevailing general rule that prejudgment interest is not allowed on unliquidated obligations. (See *Chesapeake Industries, Inc. v. Togova Enterprises, Inc.* (1983) 149 Cal.App.3d 901, 906-907 [197 Cal.Rptr. 348].) The usual prohibition against such interest is based upon the rationale that it is unreasonable to expect a defendant to pay a debt before he or she becomes aware of it or is able to compute its amount. (*Ibid.*; see also *Stein v. Southern Cal. Edison Co.* (1992) 7 Cal.App.4th 565, 571-572 [8 Cal.Rptr.2d 907].) By allowing an award of prejudgment interest, but only for a limited time period and only if the trial court finds it reasonable in light of the factual circumstances of a particular case, Civil Code section 3287, subdivision (b), seeks to balance the concern for fairness to the debtor against the concern for full compensation to the wronged party. (See *Wisper Corp. v. California Commerce Bank* (1996) 49 Cal.App.4th 948, 960 [57 Cal.Rptr.2d 141]; *Chesapeake Industries, Inc. v. Togova Enterprises, Inc.*, *supra*, 149 Cal.App.3d at pp. 906-907.) An award of prejudgment interest is not automatic. (*North Oakland Medical Clinic v. Rogers* (1998) 65 Cal.App.4th 824, 829 [76 Cal.Rptr.2d 743].)

### 2. *Principles of Interpretation*

■ Whether subdivision (b) of Civil Code section 3287 stands independent from subdivision (a), such that the last sentence of subdivision (a) is not applicable to unliquidated contract damages, is an issue of statutory interpretation, a question of law subject to de novo review on appeal. (*Hansen Mechanical, Inc. v. Superior Court* (1995) 40 Cal.App.4th 722, 727 [47 Cal.Rptr.2d 47]; *Jefferson v. Compton Unified School Dist.* (1993) 14 Cal.App.4th 32, 38 [17 Cal.Rptr.2d 474].) ■ The relevant principles that guide our decision are well known. " 'Our function is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.] To ascertain such intent, courts turn first to the words of the statute itself [citation], and seek to give the words employed by the Legislature their usual and ordinary meaning. [Citation.] When interpreting statutory language, we may neither insert language which has been omitted nor ignore language which has been inserted. (Code Civ. Proc., § 1858.) The language must be construed in the context of the statutory framework as a whole, keeping in mind the policies and purposes of the statute [citation], and where possible the language should be read so as to conform to the spirit of the

---

[16]The statute has not been touched by the Legislature since 1967.

enactment. [Citation.]'" (*People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 919-920 [66 Cal.Rptr.2d 29]; see also *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 861 [80 Cal.Rptr.2d 803, 968 P.2d 514]; *County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1010 [78 Cal.Rptr.2d 272].)

We also must endeavor to harmonize, both internally and with each other, separate statutory provisions relating to the same subject. (*Barajas v. Oren Realty & Development Co.* (1997) 57 Cal.App.4th 209, 216-217 [67 Cal.Rptr.2d 62].)

### 3. *Decisional Law*

Neither party has identified, and we have not found in our independent research, any case which has decided whether subdivision (b) of Civil Code section 3287 applies to public entities. Nelson adverts to *Municipal Court v. Bloodgood* (1982) 137 Cal.App.3d 29 [186 Cal.Rptr. 807] (*Bloodgood*), where the court, citing Civil Code section 3287, subdivision (b), awarded prejudgment interest on an unliquidated claim in favor of the municipal court judges of Los Angeles County and against the county. However, the court did not analyze the subdivision or the statute, and the issue of whether subdivision (b) applied to the county as a public entity was never raised. (*Bloodgood, supra,* 137 Cal.App.3d at p. 47; see *Trope v. Katz* (1995) 11 Cal.4th 274, 284 [45 Cal.Rptr.2d 241, 902 P.2d 259] [cases do not support propositions never considered or decided].) Therefore, although *Bloodgood* is no doubt an opinion in which subdivision (b) was relied upon to support an award of interest against a public entity on an unliquidated debt, the decision provides no reasoned guidance on the subject. As the District correctly notes, we are not bound by *Bloodgood*. (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 934, p. 971, and cases cited therein.)

No more helpful are the authorities cited by the District, *Sanders v. City of Los Angeles* (1970) 3 Cal.3d 252, 262-263 [90 Cal.Rptr. 169, 475 P.2d 201], and *Santa Clara County Environmental Health Assn. v. County of Santa Clara* (1985) 173 Cal.App.3d 74, 84-85 [218 Cal.Rptr. 678]. In the District's view, the courts in these cases strained to find the damages liquidated and thus recoverable against public agencies under subdivision (a), an effort that would have been unnecessary had the courts believed prejudgment interest was awardable against the public entities under subdivision (b). However, there is a significant difference between prejudgment interest awarded as a matter of right under subdivision (a) and prejudgment interest awarded as a matter of discretion under subdivision (b), as Nelson points out. (See *North*

*Oakland Medical Clinic v. Rogers, supra,* 65 Cal.App.4th at pp. 829-830; *Rifkin v. Achermann* (1996) 43 Cal.App.4th 391, 398 [50 Cal.Rptr.2d 661].) In any event, the issue raised here was not raised in either *Sanders* or *Santa Clara.* (*Trope v. Katz, supra,* 11 Cal.4th at p. 284.)

### 4. *Analysis*

 We think, consistent with traditional principles of statutory construction, that subdivision (a) and subdivision (b) of Civil Code section 3287 must be read together as a unified whole. As we see it, the distinction between the two subparts has to do with the nature of the damages—liquidated and unliquidated—for which interest may be awarded, not the identity of the defendant against whom interest may be awarded. The minimal available legislative history confirms the limited purpose of subdivision (b), which is to establish an exception to the general rule prohibiting prejudgment interest when the damages in issue are not capable of being made certain when due. (See Aug. 3, 1967 letter to Governor Reagan from authoring Senator Gordon Cologne.[17]) Admittedly, the Legislature made somewhat of a hash of the technical aspects of the modification, using the markers (a) and (b) to differentiate between the existing statute and the new addition without making clear whether the public entity liability imposed in the first subdivision was intended to carry over into the second. This ambiguity is in our estimation nothing more than a product of draftsmanship, and we do not find in it, given the legislative history of the amendment, an intent to exempt public entities from liability for interest on unliquidated claims. Moreover, if there is anything in Civil Code section 3287 that manifests a legislative direction, it is that the word "section" was retained in subdivision (a), which supports the view that that public agencies were intended to be liable for interest under Civil Code "section" 3287, subdivision (b). Regardless of the statutory and dictionary definitions of the word "section" proposed by the parties, none of which we find dispositive, the Legislature knows how to use the word "subdivision" or a similar term when it wants to confine the effect of a statutory subpart. (See, e.g., Code Civ. Proc. § 437c, subd. (q) [summary judgments]; Welf. & Inst. Code, § 366.26 [dependency hearings].)

Furthermore, we are unable to identify any policy reason which justifies reading the statute in the manner advocated by the District. "The purpose of

---

[17]The senator's letter states in relevant part: "All the bill says is that in these contract cases a judge may add interest where he thinks it is proper from a time prior to granting judgment but in no event prior to the time of filing the suit. In this way, if the parties have a legitimate dispute over how much is due, when the court enters judgment it may also add interest from the appropriate date because the debt was due then. [¶] The bill only attempts to do equity and may encourage settlement prior to the trial of issues in court."

prejudgment interest is to compensate plaintiff for loss of use of his or her property. [Citation.]" (*Segura v. McBride* (1992) 5 Cal.App.4th 1028, 1041 [7 Cal.Rptr.2d 436].) The 1955 and 1959 amendments extended this protection to plaintiffs with liquidated claims against public agencies.[18] If fairness demands that plaintiffs with liquidated claims against public agencies should have protection against the loss of use of money, fairness equally demands that plaintiffs with unliquidated claims against public agencies should have some of the same protection. The category of the defendant, as a private citizen or organization or as a public agency, provides no principled difference between the rationale supporting interest on a sum capable of calculation when due and the rationale supporting interest on a sum capable of calculation at a later time. In each case, the interests of the creditor and the interests of the debtor are accommodated in a manner consistent with the nature and circumstances of the obligation in dispute. The particular capacity of the debtor is irrelevant to these equations.

Moreover, applying subdivision (b) of Civil Code section 3287 to public entities does not subvert the policies behind the Claims Act by making presuit evaluation of claims impossible. ■ The "purpose of the [statutory requirements for presenting claims against the state or a local public entity] is to facilitate early investigation of disputes and settlement without trial if appropriate, as well as to enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future." (*Baines Pickwick Ltd. v. City of Los Angeles* (1999) 72 Cal.App.4th 298, 303 [85 Cal.Rptr.2d 74].) ■ We fail to see how an award of interest on an unliquidated debt undermines these goals. If the uncertainty of interest under subdivision (b) works against prompt settlement, the uncertainty of the underlying unliquidated damages themselves works against prompt settlement to a much greater extent. Furthermore, subdivision (b) only allows an award of prejudgment interest from a date no earlier than the filing of the lawsuit. If the claim is settled at the administrative stage, interest will never become an issue of agency concern.

The fact that Civil Code section 3287, subdivision (a), unlike subdivision (b), expressly states it applies to public entities is no reason to conclude the Legislature did not intend to allow prejudgment interest on unliquidated claims against public entities. ■ It is true that, if the Legislature fails to change the law in a particular respect when it passes an amendment, it is presumed the Legislature wanted to leave the law as it stands. (*State of*

---

[18]We must assume the Legislature was aware of existing, related laws when it enacted Civil Code section 3287. (*Scott Co. v. Workers' Comp. Appeals Bd.* (1983) 139 Cal.App.3d 98, 105 [188 Cal.Rptr. 537, 34 A.L.R.4th 949].)

*California ex rel. Dept. of Transportation v. Superior Court* (1984) 159 Cal.App.3d 331, 338 [205 Cal.Rptr. 518].) However, when the Legislature enacted subdivision (b), the term "every person" in subdivision (a) had been expressly expanded to include public entities, a fact the Legislature obviously knew. Thus here, "to leave the law as it stands" means to leave public entities after enactment of subdivision (b) liable in the same manner as all other defendants. We think it therefore more reasonable to conclude that, if the Legislature had desired to exclude public agencies from liability under subdivision (b), it would have expressly said so. If the Legislature is unhappy with our construction of Civil Code section 3287, there is nothing to prevent it from amending the statute to suit its pleasure.

We therefore hold that Civil Code section 3287, subdivision (b) is applicable to the public entities described in Civil Code section 3287, subdivision (a). In this case, the trial court exercised its discretion and awarded prejudgment interest. Other than the lack of statutory authority, the District has not argued on appeal that the trial court erred in rendering the award.

 5. *Section 926.10\**

. . . . . . . . . . . . . . . . . . . . . . . . . .

 C., D.\*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is reversed.. The matter is remanded for proceedings not inconsistent with this opinion. Each party shall bear its own costs on appeal.

Ardaiz, P. J., and Buckley, J., concurred

A petition for a rehearing was denied July 17, 2001, and on June 27, 2001, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied September 26, 2001. Baxter, J., did not participate therein.

---

\*See footnote, *ante*, page 64.